UTICA,
August, 1827.

Nichols
v.
Sutfin.

[*422]

---

NICHOLS *against* SUTFIN, Manucaptor of SUTTON.

THE plaintiff's attorney in the original cause, having received notice from the attorney of Sutton, the defendant, that Stufin, the defendant in this suit, had become special bail, proceeded to judgment against the principal; and afterwards against the bail. The judgment against the latter was perfected in May term last; and a *fi. fa.* issued and levied. The *capias ad respondendum*, in the last suit, was returnable on the last return day of February term. Intermediate this and May term, the bail made diligent search in the various clerk's offices of this court for the bail piece, with a view to effect a surrender of his principal, on copies to be procured. None was found on file.

It now appeared that a bail piece had been duly acknow-

Notice of special bail from the defendant's attorney, warrants the plaintiff in proceeding to judgment and execution against the bail named in the notice; though the bail piece be not in fact filed. Where the filing of the bail piece was omitted by mistake, judgment being taken against the bail, the court ordered it to be filed *nunc pro tunc*. And as the bail had, in fact, been prevented by the omission from surrendering their principal, they were allowed to surrender in 30 days; and have an *exoneretur* entered, on paying all costs.

UTICA,
August, 1827

Nichols
v.
Sutfin.

ledged, and left to file with the attorney of Sutton; but he had forgotten to file it.

A motion was made for the defendant, to set aside the proceedings against the bail as irregular; and, on the other side, to file the bail piece *nunc pro tunc*.

*J. Taylor*, for the defendant, cited 1 R. L. 323, s. 2; 5 Cowen, 25; id. 420; Laws N. Y. 1818, p. 279, s. 5.

[*423]

*\*H. V. R. Schermerhorn*, contra, cited 6 Cowen, 390.

*Curia.* The proceedings on the part of the plaintiff are regular. He had a right to rely on the notice of bail; and go on as if the bail piece had been actually filed. Let it now be filed *nunc pro tunc*.

But, as the defendant has, in fact, been prevented from surrendering, by the mistake in omitting to file the bail piece, he may now surrender within 30 days, and have his *exoneretur* entered on payment of the costs of the suit against him, and of this motion.[1]

Rule accordingly.

[1] Under the New York Code, the bail to be given by a defendant, is a written undertaking, executed by two or more sufficient bail. It must state their places of residence and occupations, and must be to the effect, that the defendant will at all times render himself amenable to the process of the court, during the pendency of the action, and to such as may be issued to enforce the judgment therein. (Code, sec. 194.) This undertaking will answer in every case of an arrest of the defendant, except when he is arrested in an action to recover the possession of personal property unjustly detained, where the property has been concealed or removed so that it cannot be found or taken by the sheriff. In which case the undertaking must be given to the sheriff. It must be executed by two or more sufficient sureties, and must be to the effect that they are bound in double the value of the property, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may, for any cause, be recovered against the defendant. Monell's Pr. p. 410, 411.