statement is necessary, and have so held in the case of Soutter *a*. Mather (*Ante*, 440).

In Treadwell *a*. Fassett (10 *How. Pr.*, 184), the judge suggests (but does not decide, as the point did not arise for decision), that the sufficiency of the attorney's knowledge, or the grounds of his belief, in each particular case, is a question for the court to determine. Assuming this suggestion to be correct, I think the grounds of belief set forth in this verification sufficient; it was distinctly so held in Dixwell *a*. Wordsworth (2 *Code R.*, 1). In all cases of actions on written statements for the payment of money only, the very slightest grounds of belief will in my judgment be sufficient.

Motion denied, with $10 costs; with leave to defendant, upon payment of said costs, to move within 20 days after service of this order, to have the judgment opened on the merits, and he be let in to defend.

---

# LOW *a*. GRAYDON.

*Supreme Court, First District; At Chambers, September,* 1862. *Again, At Chambers, October,* 1862.

MOTION FOR DISCOVERY.—SUBPŒNA DUCES TECUM.—SUFFICIENT DESCRIPTION OF DOCUMENTS. — IRREGULARITY. — WAIVER.— AMENDED COMPLAINT. — TIME TO ANSWER. — SUBSTANTIAL RIGHT.

The fact that papers, sought to be discovered preparatory to trial, may be procured by subpœna *duces tecum*, served upon the adverse party, is not a conclusive answer to an application for an order for their discovery. But if the court see that obtaining the proof in that way is as practicable as by a discovery, the motion will be denied.

On motion for discovery, in an action against an assignor, his assignee, and preferred creditors, to set aside the assignment, there is a presumption that such creditors have possession of the notes, to secure payment of which they are preferred, and which are shown to have been delivered to them.

On motion for discovery, the applicant is not required or expected to give an accurate description of the documents sought. The description need only be sufficiently precise to enable the party who is called on to produce, to know what is required.

No application to set aside proceedings for irregularity merely will be allowed, unless made within a reasonable time ; nor where the party applying has taken a fresh step, after knowledge of the irregularity.

But the right to put in an answer to an amended complaint, is substantial, and a waiver of it should not be implied.

Where the defendant, after service of an amended complaint, under an order allowing him to elect to let his answer stand, or to serve a new answer, had suffered the trial (which was brought on before the time for him to elect had passed) to proceed on the issues raised by his first answer ;—*Held*, that he did not thereby waive his right to serve a new answer.

I. *September*, 1862.—Motion for discovery.

Three actions against William Graydon and others, defendants, were brought: one by James Low and others; one by Joannes Gourd and others; and one by Edwin Hoyt and others, creditors, to set aside an assignment executed by Graydon, McCreery & Co., to John C. Martin and John W. Graydon ; also, to set aside certain transfers of bills, receivable by the same firm to Samuel Graydon and Mrs. Mary A. Graydon. The plaintiffs applied for a discovery, under circumstances which are sufficiently stated in the opinion.

*Martin & Smith*, for the plaintiffs.

*Man & Parsons*, for the defendants.

BARNARD, J.—A discovery, whether under the Revised Statutes or the Code, can be compelled only as against one party to an action in favor of the other, and even in that case the party against whom the order is made must have possession or control over the thing to be discovered.

As every party can now be subpœnaed *duces tecum*, and examined as a witness at the instance of the opposite party, it follows that if that fact be a conclusive answer to a motion for discovery, the enactments relating to discovery are virtually repealed, except so far as the discovery may be necessary to enable either party to prepare a pleading.

I think the court is not at liberty to adopt a principle that leads to such a result, in view of the fact that the self-same act which introduces the system of allowing a party to be examined as a witness by the adverse party, also contains a provision for a discovery.

Still the fact that the proof may be obtained by a subpœna *duces tecum* is entitled to some consideration, and if the court see that the obtaining the proof in that way will subserve the purpose of the moving party as well as a discovery, the motion will be denied. In the present case, however, it seems to me that the discovery asked for, is necessary for the proper conduct of the action.

Another objection raised is, that it is not shown in whose possession the documents are. As to one set of notes, it is shown that they were delivered to Thomas A. McCreery, one of the defendants; the presumption is that he still has them. As to the other set, Samuel Graydon, one of the defendants, is preferred for them; it must be assumed that he claims to own them, and has them in his possession.

Another objection raised is, that the documents are not sufficiently specified in the moving papers; and in this connection it is urged that to make the discovery effective, a statement of the defendant would be required to show that the notes discovered are those required, and that unless they are specified it cannot be known that they satisfy the order. These objections would apply to every case where a discovery is necessary. If a party can give so perfect a description of a document, as that by mere inspection of the one produced it can be seen to be the one desired, he surely could not require an inspection. The description which the party is enabled to give, must of course vary in its minuteness according to his means of knowledge and his memory. It is sufficient if the party gives the best description he is able, and that the court can see that such description is sufficient to enable the party who is called on to produce, to know what he is required to produce. If the party under the order produces certain documents, he must, of course, do so in such manner as to be a compliance with the order; and if it is necessary to accompany the documents with a statement in order to make a perfect compliance, such statement must be made.

In this case, I see no difficulty in the defendants knowing exactly what to produce. It may be that from the plaintiff being unable to give a better description, the defendants can evade the order, either by producing a less number of notes, or different notes,—that, however, is the plaintiff's misfortune. I think he is entitled to assume that defendants will not seek any

evasion; and assuming that to be the case, he will obtain all the benefit of an inspection which he desires.

This application cannot be styled a mere fishing experiment. It stands admitted that Samuel Graydon, with funds of the firm of Graydon, McCreery & Co., purchased the notes of that firm, after its suspension, at rates from 37 to 40 cents on the dollar, and delivered some at least of the notes so purchased to Thomas A. McCreery. It also stands admitted that the same Samuel Graydon is preferred for $86,675, alleged to be due him on promissory notes of the firm held by him.

As to the notes delivered by Samuel Graydon to Thomas A. McCreery, he being a partner of the firm of Graydon, McCreery & Co., the notes are in the joint possession and under the control of them all, and therefore the order as to those notes will extend to all the members of that firm; the order as to the other notes is to go against Samuel Graydon alone.

Ordered, that defendants, William Graydon, James Graydon, Thomas A. McCreery, William H. Scott, and George A. Seely, within two days after service on their attorney of the order, deposit with the clerk of this court, and continue on such deposit for ten days, all the bills payable of the firm of Graydon, McCreary & Co., which were delivered to Thomas A. McCreary by Samuel Graydon on May 4th, 1861, together with the account or memorandum of the said paper and of the moneys with which the same were purchased, delivered by said Samuel Graydon to said Thomas A. McCreary, so that plaintiff may inspect the same and take copies of the same.

And that Samuel Graydon make and continue in like manner and for like purpose, deposit of all notes for which he is preferred in the assignment of the firm of Graydon, McCreary & Co., to John W. Gray and John C. Martin.

Let the order be settled on one day's notice: the order should declare the consequences of an omission to comply with its directions, pursuant to Rule 16. Application granted.

---

II. *October*, 1862.—Motion to strike out answers to amended complaints.

In the same causes in April, 1862, a motion made by the

plaintiffs for leave to amend their complaints was granted, with
an option to defendants to let their answers stand as answers to
the amended complaints, or to serve new answers within twenty
days. About the middle of August, plaintiffs paid $35 costs as
a condition prescribed by the order, and served amended com-
plaints. On the 19th of August, the trial of the action com-
menced before the referee previously appointed, and was contin-
ued during several days until September 5th. On the 19th of
August a copy of the pleadings, consisting of the amended com-
plaints and original answers, were handed to the referee, and
portions read to him in presence of defendants' counsel. On
August 28th, plaintiffs' counsel read to the referee an admission
contained in the original answer, and by means thereof had cer-
tain schedules received and read in evidence. On the same
day and after the above, defendants moved before the referee to
amend their original answer in order to strike out the admission,
—the motion was denied. On September 4th, plaintiffs intimated
their intention of resting on the following day. On September
5th, amended answers were served by the defendants which
plaintiffs returned, and made the present motion to strike out, on
the ground that defendants had elected not to answer the amend-
ed complaints.

*Martin & Smith,* for the motion.—I. The defendants have
elected not to serve new answers by—1. Going to trial under
the amended complaints and their original answers. 2. Moving
to amend the latter. 3. Allowing plaintiffs to examine all their
witnesses and conclude their case except as to the absent wit-
nesses.

II.—If the service of the amended complaints was irregular,
defendant waived the irregularity (*Grah. Pr.,* 712; *Exp.* Cros-
by, 8 *Cow.,* 119 ; Georgia Lumber Co. *a.* Strong, 3 *How. Pr.,* 246 ;
Myers *a.* Overton, 4 *E. D. Smith,* 428 ; Ranson *a.* City of New
York, 20 *How. U. S.,* 581; Dale *a.* Radcliffe, 25 *Barb.,* 333.)
Defendants were not entitled to twenty days in which to elect.
(Sabin *a.* Johnson, 7 *Cow.,* 421.)

III.—Where, as in this case, a party has full knowledge of an
order and of its terms, and with that knowledge receives the
benefit of the order, he should not be permitted to act as though
he had no knowledge of it; more especially where such action

on his part will be attended with unjust and injurious consequences to his opponent, thus a party cannot appeal after recovering the costs of an order. (4 *Abbotts' Pr.*, 468.)

*Man & Parsons*, opposed.

CLERKE, J.—The defendants had twenty days after the service of the amended complaint, to answer in these cases. This was a positive right, which nothing but an express relinquishment of it could waive. No doubt, there are many acts in the progress of an action, which amount to a waiver of what a party may do in opposition to his adversary. An appearance and pleading to the merits is a waiver of defects in the writ and service; an appearance and pleading after a discontinuance is a waiver of the discontinuance (Harley a. Real Estate Bank, 4 *Pike*, 598; Elliott a. State Bank, *Ib.*, 437); so going to trial without objection is a waiver of a discontinuance, occurring in consequence of the plaintiffs not taking proper steps to continue the action.

But all these are instances where a party could avail himself of some defect in his adversary's proceedings, and, in such cases, the rule has always been substantially that no application to set aside proceedings for irregularity shall be allowed, unless made within a reasonable time, nor if the party applying has taken a fresh step after knowledge of the irregularity. By taking this fresh step, he waives a mere technical objection, and speaks as emphatically as if he expressed himself directly in words. The objection does not affect the merits, is not essential to justice, and the acts are as unmistakable and expressive as words. But, in the present case, the right alleged to have been waived is not a right to a technical objection, but a right to assert completely and effectively his defence; and no injury, that I can see, is done to his opponent by appearing at the trial before the referee, and allowing the plaintiff to examine his witnesses before the time for putting in his amended answer expires. In all courts the right to put in a defence is so vital and essential, that the waiver of it should never be implied. If the amended answer changes the issues, or affects them in any way, the referee, of course, will allow the plaintiff to present further evidence to meet the altered aspect of the case.

The motion should be denied, with $5 costs in each case.