(5 App. Div. 126.)

NEW YORK BANK-NOTE CO. v. HAMILTON BANK-NOTE ENGRAVING & PRINTING CO. et al.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

DISCOVERY—WHEN PROPER.

Under Gen. Prac. rule 14, subd. 3, providing that either party may be compelled to make discovery of any document in his possession material to, or competent evidence in, the action, plaintiff's motion for a discovery by a defendant of letterpress copies of its letters to a co-defendant, and the original answers of the co-defendant thereto, to show knowledge by defendant of plaintiff's contract with his co-defendant, was properly granted, where it appeared that plaintiff, to recover, had to show such knowledge; that the co-defendant was a foreign corporation, beyond the jurisdiction of the court; that plaintiff, by commission, had endeavored,

but failed, to obtain from the co-defendant proof of defendant's letters to it; and that defendant did not deny having the letters and copies in its possession.

Appeal from special term, New York county.

Action by the New York Bank-Note Company against the Hamilton Bank-Note Engraving & Printing Company and another. From an order granting a discovery of letterpress copies of letters written by it to its co-defendant, and the original answers of the co-defendant thereto, the Hamilton Company appeals. Affirmed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

William T. Turner, for appellant.

Edward P. Lyon, for respondent.

PER CURIAM. The only objections taken by the appellant to this order are: That the court below has not power to order a discovery of letterpress copies of letters; second, that the discovery is improperly granted of documents of which the moving party has copies. The application is for a discovery of letters between the two defendants. It is necessary for the plaintiff to prove upon the trial that the defendant the Hamilton Bank-Note Company had knowledge of the contract between the plaintiff and the Kidder Press Manufacturing Company. The Kidder Press Manufacturing Company is a Massachusetts corporation. Its papers and documents are in the state of Massachusetts, and not within the jurisdiction of this court, and the plaintiff has endeavored to obtain proof of these letters by a commission, and has failed to prove them by competent evidence. The application is to procure the discovery of documents that will be material and necessary evidence upon the trial, and it is quite apparent that it will be impossible to compel the production of the letters, which are in Massachusetts, by a subpœna duces tecum; and plaintiff should not be placed in a position where he may be met upon the trial by an objection to the production of the letters by the defendant the Hamilton Bank-Note Company, on the ground that the proper officer was not served with a subpœna, that the letters had been removed beyond the jurisdiction of the court, or by any of the other usual obstacles which are thrown in the way of a party endeavoring to obtain documents in the possession of his adversary. The original letters, in the possession of the defendant the Hamilton Bank-Note Company, are clearly competent evidence. The letterpress copies of such letters, written by the Hamilton Bank-Note Company to the Kidder Press Company, would be competent evidence if a notice had been given to the defendant to produce the originals, which were refused, and the copies were properly proved. These letters and copies of letters are clearly papers or documents in the possession, or under the control, of the defendant, and are material to the decision of the action, competent evidence in the case, and thus clearly within subdivision 3, rule 14, of the general rules of practice.

The appellant does not deny in the affidavit submitted in opposition to this motion that it has these letters and letterpress copies in

its possession, and we think the court below was clearly justified in granting the motion.

Order appealed from affirmed, with $10 costs and disbursements.