THE CONTINENTAL NATIONAL BANK of New York, Appellant, *v.* DAVID MYERLE, Individually and as Executor of the Last Will and Testament of PHINEAS BURGESS, Deceased, Sometimes Called DAVID A. MYERLE, and Others, Respondents.

*Action to determine conflicting claims to a fund — the plaintiff is entitled to an inspection of the books of a bank, claiming it, and to have the bank deposit with the county clerk the notes on which it bases its claim.*

In an action brought by a party, claiming as assignee of a fund, to determine the amount due to each person who claimed an interest therein, and to have the fund divided among those entitled to it, in the proportion to which each one might justly be found to be entitled, it is proper to allow to the plaintiff an inspection of the books of a bank claiming an interest in the fund under an assignment to secure the amount of certain obligations held by it, and to require the bank to deposit in the office of the county clerk, or with a referee, the original notes upon which the bank's claim was based, with all renewals thereof, which had been made from time to time, and to give to the plaintiff sworn copies of the entries in its books with regard to the transactions in question.

APPEAL by the plaintiff, The Continental National Bank of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of February, 1898, denying its motion for an inspection and discovery, and permission to take copies, of certain notes, books, papers and documents.

*J. Mayhew Wainwright,* for the appellant.

*Charles M. Demond,* for the respondents.

RUMSEY, J.:

It appears from the complaint that some twenty years ago one Phineas Burgess had a contract with the United States government to do work upon a man of-war, for which, when finished, he was to receive a large amount of money. On the 8th of July, 1878, he borrowed $10,000 from the plaintiff upon his promissory note, and as collateral security for the loan he pledged this claim against the National government. Before the amount due from the government was liquidated it became necessary to bring an action in the Court of Claims, which was done, but judgment was not

finally rendered in that action until the month of January, 1897, at which time it was adjudged that the persons entitled under Burgess should recover from the government the sum of $129,000. In 1883 the firm of which Burgess was a member, who had succeeded to his rights in the matter, having become indebted to the Tradesmen's National Bank, made an assignment to that bank of the claim against the government to secure the amount of the debt to the Tradesmen's Bank. Afterwards, and in the month of September, 1885, the persons then entitled to this claim made a further assignment to the plaintiff by way of additional security for whatever might then be owing to it. After the award had been made by the Court of Claims the plaintiff brought this action against all persons claiming any interest in the fund, to determine the amounts due to each person who claimed any interest, and to have the fund divided as among those who were entitled to it, in the proportion to which each one might justly be found to be entitled. The complaint sets up the two assignments to the plaintiff, under which the plaintiff claims to be entitled to receive this fund. It also sets up the assignment to the Tradesmen's Bank, and alleges that that bank claims to be entitled to a large portion of the amount to be collected out of the fund. It appears from the complaint that the plaintiff does not know, and is not able to ascertain, the particulars of the claim of the Tradesmen's National Bank, or of the other defendants who claim to have liens upon this fund. All the defendants appear by one attorney and answer together. They deny substantially that the plaintiff has any claim to this fund; they admit that there are other claims and liens as alleged by the plaintiff in its complaint, and they substantially insist that the defendants are entitled to the whole of the fund to the exclusion of the plaintiff. It is unnecessary to consider the other allegations of the answer. It is apparent from those which have been stated that, to enable the plaintiff to prove its case, it is bound to show not only that it has an interest in this fund by assignment from those persons who were the owners of it, but, as it is alleged, that the assignment to the Tradesmen's Bank is prior to the last assignment under which the plaintiff claims, it is also necessary for the plaintiff, in establishing its case, to show the amount of the claim of the Tradesmen's Bank, so that the court, in distributing the fund, may be able to determine how large a portion, if any, of

this fund is to go to the plaintiff, after paying the amount to which the Tradesmen's Bank may be fairly entitled. It will be seen, therefore, that until the plaintiff shall be able to make some proof of the amount of the claim of the Tradesmen's Bank, which is to be paid out of this fund, it will not be in a situation to obtain a final determination of its own rights, some of which are subsequent in date to those of the Tradesmen's Bank. It is essential, therefore, that the plaintiff, to make out his case, should have knowledge of the amount of the claim of the Tradesmen's Bank. That amount appears, of course, only by the documents and books of that bank. It appears from the petition which was presented upon this motion that the Tradesmen's Bank claims to be entitled to practically the whole of the fund, basing its claim on certain promissory notes. The petitioner alleges that these notes do not correctly set forth the true amount due to that bank, but that to ascertain that amount it is necessary to examine the books of the bank so far as they refer to the dealings between Burgess and his firm and the Tradesmen's Bank. It appears by the answering affidavit that the claim of the bank is based upon certain notes, and it is said that those notes were given for money advanced by the Tradesmen's Bank to Burgess and the firm with which he was connected, and that no payments have been made upon them. It is evident that the plaintiff cannot make proof of the amount of the claim of the Tradesmen's Bank unless it shall have access to those notes and shall be put in a position to show the precise amount that is due upon them, and this it clearly will not be able to do except by reference to entries in the books of the Tradesmen's Bank with regard to these transactions. It will be seen, therefore, that this application cannot fairly be said to be an effort to ascertain the evidence of the adverse party; but it may be sustained upon the ground that it is an effort on the part of the moving party to obtain evidence which is essential for its own use upon the trial in making its own case.

No question is made as to the power of the court to compel a discovery and inspection under these circumstances, which always existed and which now is fixed by section 803 of the Code of Civil Procedure. While the court will not require a discovery and inspection under its powers, if it is evident that the application is

made as a mere fishing excursion to bolster up a weak case, or to ascertain the defects in the adversary's case, yet such motions are favored when there is any reason to believe that they are made in good faith for the purpose of getting at the facts of the case and determine the rights of the parties. It is very clear that in this case the evidence sought is the only evidence which can be produced by the plaintiff to enable it to prove an essential part of its case, and for that reason it was justified in making this application, and it is entitled to be informed of the particulars of this defendant's claim. But it is not entitled, at least in the first instance, to an examination of all the books of the defendant. All that it can claim is that it shall be put in possession of the transactions had between the Tradesmen's National Bank and Phineas Burgess and the firm of Burgess & Secor and Charles A. Secor with regard to these matters. Nothing else can be material in this action, but as to those matters this motion should have been granted. The order denying the motion, therefore, must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, so far as to require the Tradesmen's National Bank to deposit in the office of the county clerk, or with a referee to be named, the original notes upon which this claim is based, with all renewals thereof which shall have been made from time to time, and to give to the plaintiff sworn copies of the entries in its books with regard to the transactions between Phineas Burgess and the firm of Burgess & Secor and Charles A. Secor, and the administrators of the estates of Phineas Burgess and Charles A. Secor, respectively, showing the amounts advanced by it to Burgess, or the firm of Burgess & Secor, upon which claims are made under the assignment of November 9, 1883, and whatever payments have been made by Burgess, or Burgess & Secor, or Secor, or the administrators of either, respectively, upon these claims, down to the time of the commencement of the action.

Van Brunt, P. J., Barrett, Ingraham and McLaughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, as stated in opinion, with ten dollars costs.