(67 App. Div. 64.)

PALMER v. UNITED PRESS.

(Supreme Court, Appellate Division, First Department. December 13, 1901.)

1. DISCOVERY OF BOOKS AND PAPERS.

In the proper case an application for a discovery of the books and papers of an adverse party is looked upon with favor by the court.

2. SAME—LIBELOUS PUBLICATION—MATERIAL EVIDENCE.

The transmission of alleged libelous matter to various newspapers throughout the United States, by a corporation engaged in furnishing news for publication, constitutes a publication thereof, irrespective of whether the items are actually used by the papers receiving them; and therefore a discovery of the records of the corporation showing the newspapers to which the items were transmitted should not be denied on the ground that the evidence sought is not material.

3. SAME—ORDER—DESCRIPTION OF PAPERS—CERTAINTY.

In an action for libel against a corporation engaged in furnishing news to various newspapers throughout the United States, an order requiring defendant to make discovery of its books and papers showing its transactions in the matter of the transmission of news dispatches between September 30, and November 5, 1892 (about the date of the issuance of the alleged libelous item), is sufficiently specific, where it does not appear that defendant's interests will be prejudiced by the fact that a more specific description is not given.

4. SAME—GROUNDS FOR DENIAL.

An application for an inspection of the books and papers of a defendant, which are material and relevant to the action, should not be denied, on the ground that it may lead to the discovery of new causes of action by the plaintiff.

5. SAME—DISCRETION—REVIEW.

The discretion of the special term in granting an order for an inspection of books and papers, which are material and relevant to the action, will not be reviewed unless it clearly appears that it was erroneously exercised.

6. SAME—DENIAL OF POSSESSION—EFFECT.

In an action for libel against a corporation engaged in furnishing news to various newspapers throughout the United States, the court is not obliged to deny an inspection of its books and papers relating to the transmission of the alleged libelous item, on a denial of possession thereof by its assignee and of knowledge concerning the same, especially where his affidavit incorporates, without any explanation, a letter from an agent of the corporation stating that such agent had examined the files and had found the item referred to, and where there is no satisfactory explanation of the loss or destruction of the papers.

7. SAME—ORDER—MODIFICATION—CONCLUSIVENESS.

In an action for libel against a corporation engaged in furnishing items of news to various newspapers throughout the United States, an order granting an inspection of the books and papers of the corporation showing the transmission of items between certain dates should be modified so as to authorize such inspection only so far as the books and papers referred to are in the defendant's possession, thereby obviating any question as to the conclusiveness of such order as an adjudication that the books and papers named are in the possession of the defendant.

Appeal from special term, New York county.

Action for libel by Tyndale Palmer against the United Press. From an order granting to plaintiff an inspection and discovery of certain books and papers of the defendant, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William C. Davis, for appellant.
James Russell Soley, for respondent.

LAUGHLIN, J.   The action is brought to recover damages for the publication of two libels.  It is alleged in the complaint that the defendant is a corporation having its principal place of business in New York, and having branch offices for the distribution and dissemination of news matter at various places in different parts of the United States; that it was engaged in the business of preparing news matter for publication, and in publishing the same, and in issuing, circulating, dispatching, and publishing news matter to a great number of newspapers in various parts of the United States; that, on the first day of October, 1892, the alleged libelous articles set forth in the two counts of the complaint, and dated Philadelphia, October 1st, were prepared or caused to be prepared, issued, circulated, and published by defendant in and from the city of New York, among its employés, and among and to various newspapers published in said city and elsewhere in the state of New York, and in the United States, some of which are specified in the complaint, and among and to a great number of news agencies and various persons employed by or connected with newspapers and news agencies in various parts of the United States.   The answer admits the incorporation of defendant and the general character and course of its business, as alleged in the complaint, but puts in issue the other material allegations, and sets up in mitigation that prior to the alleged libelous publication by defendant it received a telegraphic dispatch from a reputable source in the city of Philadelphia, which related to some of the subject-matter of the alleged libels, the substance of which had been previously published in a reputable newspaper in Philadelphia; that defendant, its agents and employés, had reasonable and probable cause to believe that the telegraphic dispatch and the publications in the Philadelphia paper were true; that it did not publish or transmit for publication words and matter in the precise language in which it is set forth in the complaint; that defendant is a common carrier of telegraphic dispatches for hire, and acted in that capacity in relation to the matters and things set forth in the complaint as constituting the libels; and that the portion of the telegraphic dispatch from Philadelphia and of the Philadelphia newspaper publication which the defendant used were transmitted by it for publication innocently.

The order from which the appeal is taken requires the defendant to make discovery of its books and papers, showing its transactions in the matter of transmission of news dispatches between September 30, 1892, and November 5, 1892, and permit copies thereof to be taken by plaintiff or his attorney, at the office of defendant's assignee at certain hours during a period of time specified.   The order was made upon the pleadings, an affidavit of a demand and refusal of an inspection, and upon a petition of the plaintiff showing,

upon information and belief, that at defendant's principal office in the city of New York, and at its branch offices in various parts of the United States, most of which are outside this state, the defendant has or had books, records, and files of papers showing the transmission and dissemination of the libelous articles set forth in the complaint, and showing the telegraph lines and offices through which, and the names of the newspapers to which, the libelous articles were supplied. The source of petitioner's information, and the grounds of his belief, are stated to be a letter addressed to him on the 1st day of April, 1893, by the general Eastern manager of defendant, which letter is set forth in the answering affidavit of the assignee of the defendant as follows:

"The United Press.

Representing Leading Journals Throughout the World and Operating, in Connection with the Associated Press, a Complete System of Leased Wires to the Principal American Cities.

General Offices, the World Building.

"New York, April 1st, 1893.

"Tyndale Palmer, Esq., Coitsville, Ohio—Dear Sir: Replying to yours of the 17th ultimo, I have to say that my letter of the 16th was based upon information furnished to me by our Philadelphia manager. Since the receipt of your last communication, I have examined our files personally, and I find that we did send out an item about the matter to which you refer, which was taken from the Philadelphia Times of October 1st, 1892.
"Very respectfully, Fred N. Bassett,
"General Eastern Manager."

The petition further shows that the "item" referred to in said letter is the libel involved in this action, and that a further source of petitioner's information is a deposition of John P. Hyatt, who was the agent and reporter of defendant at the city of Philadelphia, in which deposition Hyatt testified that on the 1st day of October, 1892, he prepared and sent from Philadelphia, at the request and direction of the defendant, to defendant's New York office, for publication and distribution, a telegraphic dispatch "of the nature and to the effect of the articles complained of by the petitioner herein"; and that said Hyatt subsequently saw said dispatch published in a number of newspapers. The petition further shows that the information contained in the records concerning which an inspection is sought is material to the prosecution of this action; and that it will be necessary to plaintiff's case to offer said records in evidence upon the trial hereof; that the records and information contained therein are solely in the possession and under the control of the defendant, and that petitioner is advised by counsel that it is necessary that he should have a discovery and inspection of said records, and permission to take a copy thereof; that he cannot obtain this evidence of publication by defendant by the usual process of subpœna, "since the largest portion of the publication was without the state of New York, and your petitioner has therefore no means of ascertaining the full extent of the publication except by the discovery prayed for." An affidavit of Frederick G. Mason, read in opposition to the motion, showed that defendant continued the news business down to March 29, 1897, when it made

a general assignment to the affiant for the benefit of creditors; that he qualified and entered upon the discharge of his duties, and is still acting as such assignee, and that he was auditor of the defendant from March, 1893, to the date of the assignment. This affidavit, which is largely argumentative, denies, in effect, that there are in existence, or in the possession or under the control of the assignee, any records or books showing the matters sought to be discovered by an inspection; but a copy of the Bassett letter herein quoted is set forth in the affidavit, without any explanation as to how the affiant came to know of its contents; and it appears that there are certain contracts in his possession relating to the transmission and furnishing of news by defendant to those whom it was engaged in supplying with items of news. It would have been better practice had the petition set forth a copy of the plaintiff's letter to which the Bassett letter was a reply (Smith v. Railway Co. [Sup.] 19 N. Y. Supp. 742), but it sufficiently appears that the answering letter relates to the alleged libelous publications. The Hyatt deposition, if reduced to writing and preserved, should also have been set forth; but it does not appear that defendant has been prejudiced by such failure. Both the letter of Bassett and the deposition of Hyatt show that there were at one time in the defendant's principal office in the city of New York records relating to the receipt and transmission by defendant of these alleged libels. The authority of the court to order a bill of discovery is now regulated by sections 803 to 809, inclusive, of the Code of Civil Procedure, and in a proper case such applications are looked upon with favor by the courts. Bank v. Myerle, 29 App. Div. 284, 51 N. Y. Supp. 497. This application appears to be made in good faith to enable plaintiff to prove his case, and not for the purpose of ascertaining what evidence may be presented on the part of defendant.

In view of the state of the pleadings, it needs no argument to show that the books and records of defendant, with reference to the receipt, transmission, and dissemination of the alleged libels, will be material evidence for the plaintiff upon the trial, and without them it may be impossible for him to maintain his action. It is important for plaintiff to show the newspapers to which the alleged libelous matter was transmitted, for that would constitute a publication of the libel regardless of whether or not the item was actually used by the newspaper. Associated Press v. Heath, 49 App. Div. 247, 63 N. Y. Supp. 96; 8 Am. & Eng. Enc. Law (2d Ed.) p. 113; New York Bank Note Co. v. Hamilton Bank Note Engraving & Printing Co., 5 App. Div. 126, 39 N. Y. Supp. 86.

The order is quite general in its terms, but the defendant went out of business through insolvency eight years ago, and it is not apparent that its interests can in any manner be prejudiced by the fact that the order is not more specific. It is evident that the plaintiff has given the best description that he can of these books and papers, and they are described with sufficient definiteness to enable the defendant to know what it is required to produce. Low v. Graydon, 14 Abb. Prac. 443; 6 Enc. Pl. & Prac. p. 802. One of the effects of the examination may be that plaintiff will learn of publications of the

alleged libel by third parties of which he is now ignorant. It is quite likely, however, that the statute of limitations has run against any such new cause of action. Be that as it may, the inspection which has been ordered is material and relevant to this action, and it may not be successfully resisted by the defendant upon the theory that it may lead to the discovery of new causes of action by the plaintiff.

The only serious question arises upon the denial of the assignee that there are any books or papers of the character referred to in the order. The discretion of the special term, however, in granting this order should not be interfered with, unless it clearly appears that it has been erroneously exercised. Hart v. Railroad Co., 69 Hun,. 497, 23 N. Y. Supp. 713. The contracts which it is conceded are in existence may be material as showing the different newspapers and news agencies which the defendant was supplying with items of news,. and the terms of the contracts may be such as to raise a presumption of law as to whom the alleged libelous articles were transmitted by defendant in the usual course of business. With respect to the other records shown to have been in existence, the court was not obliged to refrain from ordering an inspection upon the denial of the assignee as to the possession thereof, or of knowledge concerning the same, especially in view of his presentation of a copy of the Bassett letter without explanation, as stated. Perrow v. Lindsay, 52 Hun, 115, 4 N. Y. Supp. 795; Manufacturing Co. v. Venner, 86 Hun, 42, 33 N. Y. Supp. 287.

It does not satisfactorily appear that defendant's assignee has carefully examined all records, documents, and papers of the defendant, and, as before observed, his affidavit is quite argumentative, and. the denials in many instances consist of legal conclusions. No satisfactory explanation of the loss or destruction of the books and papers is made. If defendant and its assignee in good faith submit to an inspection and discovery of all papers and documents in their possession or under their control, in any manner relating to the subject-matter referred to in the order for the period therein specified, that is all that is required, and they run little risk of being punished for contempt on the theory that the order appealed from is an adjudication that they have books, records, and documents in their possession showing all of the things specified in the order, for they would be entitled to a further hearing before they can be punished for contempt. Code Civ. Proc. §§ 808, 2266, and 2269; Ackroyd v. Ackroyd, 2 Abb. Prac. (N. S.) 380; Manufacturing Co. v. Vanner,. 74 Hun, 458, 26 N. Y. Supp. 581; Id., 143 N. Y. 639, 37 N. E. 648.

However, in order to obviate any question with reference to the conclusiveness of the order as an adjudication that these books and papers are in the possession of the defendant or its assignee, the order should be modified by providing that the defendant make discovery of, and that its assignee produce, all books and papers referred to in the order, so far as the same are in the possession or under the control of either of them, and, as so modified, affirmed, with $10 costs and disbursements to the respondent. All concur. VAN, BRUNT, P. J., in result.