MOORE v. ENCYCLOPÆDIA-BRITANNICA CO.

(Supreme Court, Appellate Term. May 5, 1904.)

1. DISCOVERING DOCUMENTARY EVIDENCE—INSPECTION.

Where, in an action for an alleged unlawful discharge of a servant, defendant pleaded that the original agreement was abrogated and a new written contract made between the parties, and plaintiff, after demand, moved for an inspection of such contract, alleging that he had no knowledge thereof, that no copy was in his possession or under his control, and that he never entered into such a contract, together with the fact that an inspection was material and necessary to enable him to prepare for trial, an order denying plaintiff's application was erroneous.

Appeal from City Court of New York, Special Term.

Action by Charles K. Moore against the Encyclopædia Britannica Company. From an order of the New York City Court denying a motion for an inspection, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

William P. Maloney, for appellant.

LEVENTRITT, J. This is an appeal from an order denying an inspection of an alleged written agreement. The plaintiff sued for damages for alleged unlawful discharge under a yearly agreement of employment. As a separate defense the defendant pleaded that the original agreement was abrogated in the course of the year, and that a new contract in writing between the parties was made. The plaintiff, after demand, made a motion to compel inspection of this alleged new written contract, and from a denial of his motion takes this appeal.

The moving papers show that he has no knowledge of any such contract, has no copy in his possession or under his control, and he specifically denies that he ever entered into such a contract. There are the usual allegations of materiality and necessity. On these facts he was entitled to an inspection. It is an old and well-settled rule that the remedy extends to all evidence of a documentary nature relating to the merits of the action, whether on the part of the plaintiff or the defendant. Townsend v. Lawrence, 9 Wend. 458. Where it appears that the plaintiff has no copy of a contract which is in the possession of the defendant, an order for inspection is proper. Smith v. Seattle, Lake Shore & Eastern R. R. Co. (Sup.) 16 N. Y. Supp. 417; Bank Note Co. v. Hamilton Bank Note, etc., Co., 5 App. Div. 126, 39 N. Y. Supp. 86. Under the Code provisions and the special authority of rule 14 of the general rules of practice, the plaintiff was entitled to the relief sought.

Order reversed, with costs, and motion granted. All concur.