HERBERT B. HARRISON, Respondent, *v.* NATHAN J. MILLER and Others, Appellants.

First Department, December 19, 1919.

**Deposition — examination before trial — witnesses — asking witness to read from account book of defendant — trial — when entry of order on rulings on questions asked witness proper.**

In an action by a customer against a firm of stockbrokers, it is proper, on an examination of a member of said firm as an adverse party before trial, to ask the witness to look at one of the books of the firm which had been produced and to state therefrom the number of shares of stock received from the Clearing House on a specified date and also the number purchased for plaintiff's account.

It is not the proper practice to enter an order overruling or sustaining objections to questions asked a witness on an examination of an adverse party before trial. The ruling and the exception thereto should be noted.

*It seems,* that when a witness upon an examination of an adverse party before trial refuses to answer a question, and the judge believes that the refusal is not contumacious but made in an honest effort to protect a legal right, an order may properly be entered that the question can be passed upon by the appellate courts instead of compelling an appeal from an order adjudging the witness in contempt.

APPEAL by the defendants, Nathan J. Miller and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of October, 1919, overruling defendants' objections to questions asked one of defendants in his examination before trial.

*Osmond K. Fraenkel* of counsel [*Louis Werner*, attorney], for the appellants.

*Ralph Wolf* of counsel [*Hays, Hershfield & Wolf*, attorneys], for the respondent.

PAGE, J.:

Upon an examination as an adverse party before trial of a member of a firm of stockbrokers, in an action by a customer, the books of the firm having been produced, the witness was asked to look at one of the books and state the number of

shares of a certain stock received from the Clearing House on a specified date. This question was objected to " on the ground that you cannot require the witness to read from a book." The witness was also asked to look at the same book and state the number of shares of the said stock purchased for plaintiff's account. The same objection was made. These objections were overruled and an order entered and this appeal taken.

The testimony was competent and material to the issue. The objection was properly overruled. The time of the court should not be taken up with such appeals, nor should an examination before trial be thus delayed. It is not the proper practice to enter an order overruling or sustaining objections to questions asked a witness. The ruling and an exception thereto should be noted. Upon a trial the judge would never consider a request to enter an order upon his ruling upon the admissibility of evidence, and to suspend the trial until an appellate court could pass upon his ruling.

When a witness refuses to answer a question, and the judge believes that the refusal is not contumacious but made in an effort to protect a legal right, of which the witness believes he is being deprived, an order may properly be entered, that the question can be passed upon by the appellate courts instead of compelling an appeal from an order adjudging the witness in contempt.

We appreciate that these orders are entered at the request of the attorney and by reason of a desire on the part of the justice to give a fair opportunity to the attorney to test the ruling. However commendable such a desire may be, the rights of the other litigant and of the public, that time should not be consumed in fruitless appeals, must be given superior consideration.

The order will be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.