Sidney A. Fine, J.
This is an application for rulings by the court on objections interposed (1) to questions asked by plaintiff’s counsel on the pretrial examination of defendant, Hartnett, and (2) to requests by said counsel for the production of various documents.
The amended complaint, the sufficiency of which has been upheld (3 Mise 2d 833, affd. 3 A D 2d 703; 9 Mise 2d 815), charges defendants with having published articles accusing plaintiff of being a Communist, or a pro-Communist and a fellow traveler, and making other defamatory statements about plaintiff. The pleading alleges that said articles were published pursuant to a conspiracy (1) to injure plaintiff in his profession of radio and television artist and lecturer, and (2) to remove plaintiff as an officer of the American Federation of Television and Radio Artists (hereinafter referred to as “AFTRA”) and thus to eliminate his declared opposition, as an officer of AFTRA, to “ racketeering practices of the defend *368 ants, involving the use of intimidation and terror in order to procure the blacklisting* of radio and television artists * * * and * * * the extortion of moneys in consideration for the ‘ clearance ’, and even the mere ‘ screening ’, of radio and television artists charged by the defendants, however baselessly, with subversive or former subversive associations It is charged that defendants were actuated by 1 ‘ actual malice ’
The amended answer of defendants, Hartnett and Aware, Inc., in addition to denials, pleads various affirmative defenses whose allegations are deemed denied, no reply having been ordered by the court. These defenses, complete and partial, plead justification, fair comment, lack of malice, belief in the truth of the statements published, provocation by plaintiff’s “untruthful and unfair attacks on defendants,” and reliance upon “ trustworthy sources” and the results of a “careful investigation. ’ ’
As indicated upon the oral argument, the court will confine its rulings to the objections discussed in the briefs of the parties.
The examination is being held pursuant to a stipulation that the subject matter of the examination is to be “ all of the issues under the amended complaint and all of the allegations of the amended answers.” Any objections that defendants may otherwise have had the right to raise as to the scope of the examination, based upon the nature of this action, have been waived by the making of the stipulation. The plaintiff may examine as to any matters relevant to the stipulated subject matter (Guenther v. Ridgway Co., 159 App. Div. 74).
The fact that plaintiff may not have the burden of proof as to some of the allegations of the pleadings of the parties is immaterial. Rule 121-a of the Rules of Civil Practice expressly authorizes examinations before trial “ regardless of the burden of proof ’ ’, and that had also become the case law in this department, even apart from the provisions of said rule (Marie Borros, Inc. v. Dorros Bros., 274 App. Div. 11).
The contention that the membership and mailing list of defendant, Aware, Inc., is irrelevant to the issues is overruled. The list is relevant because of its bearing on the extent to which the allegedly libelous articles were disseminated and published (Palmer v. United Press, 67 App. Div. 64). The claim that the witness, Hartnett, has no control over the list is without merit. As a director of the corporation, Hartnett is in a position to obtain the list or, at least, to make á copy thereof and furnish the copy to the plaintiff. Indeed, Ms former counsel agreed, during the examination, to supply plaintiff with a copy.
*369 Point IV of defendants’ brief, regarding restrictions governing pretrial examinations in libel actions, is inapplicable here, in view of the broad scope of the stipulation in respect of the matters which are to be the subject of the examination.
The claim, under Point VI of defendants’ brief, that Hartnett should not be required to go to a public library for the purpose of producing requested copies of the Daily Worker is sufficiently answered by pointing to Hartnett’s admission that he is in possession of the copies in question.
All the documents specified under Point I of plaintiff’s main brief are relevant to the subject matter of the examination, as fixed in the stipulation previously referred to. They should, therefore, be produced, regardless of whether their production was, or was not, promised by the witness or by his former attorney.
The fact that documents or testimony, upon which defendants may rely in support of their defense of justification, may relate to matters discovered after the publication of the articles complained of, does not constitute a valid objection to the production of the documents or the giving of the testimony. Unrestricted by the former burden-of-proof rule, plaintiff may examine as to any matters alleged by defendants or upon which they may offer evidence at the trial.
Statements, written or oral, by defendants regarding plaintiff’s alleged pro-communism, or his tendencies in that direction, may also be inquired into, even if they were made after the publication of the alleged libels, for they are relevant on the issue of malice (Taylor v. Friedman, 214 App. Div. 198; Kaminsky v. American Newspapers, 258 App. Div. 1078, affd. 283 N. Y. 748).
The fact that some of the documents or questions do not refer to plaintiff does not justify objections thereto, where the documents and questions'are relevant, as they are, to allegations made in the pleadings of either of the parties.
Plaintiff is entitled to examine the defendant, Hartnett, and his records as to his finances and income, for the purpose of showing that the defendants extorted money in the manner alleged in paragraph Fifth of the amended complaint.
Documents in defendant’s file referring to plaintiff, which further checking by defendant may reveal, should be produced, even apart from the fact that the defendant agreed to produce them.
The rulings here made are without prejudice to any other objections, not presently raised, which defendants may interpose *370 to the production of documents or to questions addressed to the witness.
(November 20, 1958)
The court is constrained by the cases of Oppenheimer v. Duophoto Corp. (271 App. Div. 1005); Brown v. Golden (6 A D 2d 766), and Harrison v. Miller (190 App. Div. 184) to deny the application to enter an order on the rulings it made in connection with objections interposed to questions asked upon an examination before trial. The case of Uline v. New York Central & Hudson Riv. R. R. Co. (79 N. Y. 175) dealt with an order settling written interrogatories. Frad v. Columbian Nat. Life Ins. Co. (264 App. Div. 836) involved an order denying a motion to compel the plaintiff to answer quéstions which he claimed were privileged. The dissenting opinion in Brown v. Golden (supra) cannot be followed, in the light of the fact that the majority opinion was to the contrary. The other eases cited by defendants related only to motions for an examination before trial, not to rulings made during the course of the examinations.
Application denied.