George Tilzer, J.
The judgment creditor moves for reargument, reconsideration and rehearing with respect to the examination of the judgment debtor in supplementary proceedings.
Judgment in the sum of $3,227.45 was entered in favor of the judgment creditor against the judgment debtor corporation in the Supreme Court, Nassau County, on July 26,1962. A subpoena for the examination of the judgment debtor was served thereafter and on the return day the debtor appeared by Lillian Karika, secretary-treasurer of the judgment debtor, together with counsel. Upon the advice of her attorney, the witness refused to produce the corporate records and to answer questions as to the present and past assets of the debtor upon the ground that such answers might tend to incriminate her individually. Upon motion made to punish the judgment debtor and Lillian Karika for contempt, the motion was denied and there was referred to Special Term, Part II, the matter of ridings on the questions and a determination of the right of the witness to claim constitutional privilege. It is the rulings thus made at Special Term, Part II, as to which the judgment creditor seeks reargument and reconsideration, contending that the matter was “considered hastily” and that “Neither the authorities cited by the judgment creditor nor any others were examined and considered. ’ ’
It is to be regretted that the judgment creditor believes that the matter was “considered hastily ”. The court at Special Term, Part II is at times simply overwhelmed with requests for rulings on examinations before trial and in supplementary proceedings and, unfortunately, many sets of attorneys must await their turn to have objections ruled upon. The rulings must be made expeditiously and without the benefit of briefs. In the present instance, some 30 rulings were made on questions put to the witness. Then, because we were informed that it was the policy of the court not to enter an order upon such rulings (Tripp, Guide to Motion Practice, 1955-1962, Cum. Supp., § 68 [p. 187, subd. 7] and cases cited), we stated that we would entertain this motion to enable the judgment creditor to obtain a review.
It may be said that in most cases there is no finality as to rulings made in connection with an examination before trial, the trial court having the final say as to the propriety of the questions. A different situation is presented, however, as to rulings made in supplementary proceedings since in such case the sustaining or overruling of an objection ordinarily ends the matter. The availability of appellate review is obvious in the circumstances to test whether the officer’s rulings were consonant with the policy of the court affecting supplementary proceedings and *114 it would be propér practice to submit an order at Special Term, Part II.*
Doming to the instant reargument and reconsideration, the court directed the witness to answer all questions pertaining to the assets of the corporation, real property, notes receivable, commissions, etc., the disposition made of the loan from the judgment Creditor, the debtor’s business activities at the present time and the present custodian of the debtor’s books. The court sustained the witness’ refusal to produce the corporate books and as to those questions which sought answers as to the representations made to the vice-president of the judgment creditor at the time the loan was procured. As to these last, the court sustained the witness’ claim of privilege against self incrimination. An action has been brought against the witness individually in the Supreme Dourt, Nassau Oounty, by the judgment creditor to recover the sttm of $176,676.89 upon various loans made to corporations, of which it is said the witness was the “ moving spirit ”. Included in this amount is the judgment now before the court. The complaint in that action charges the witness with violations of the Penal Law of this State. In connection with these very loans, the witness has been required to attend at the office of the District Attorney of this county and has been informed by the Federal Bureau of Investigation, where she likewise was requested to appear, that the matter would be submitted to the Federal Grand Jury in this district. In these circumstances, the witness asserts that the desire to procure the judgment debtor’s books and to obtain answers concerning the status of the corporation when the loans were negotiated is with the ulterior purpose of procuring evidence in the creditor bank’s individual action against her or to get evidence which might be used by the judgment creditor in its claim for $3,000,000 against the surety company which bonded its discharged loan officer.
The court does not agree with the judgment creditor that the privilege is asserted herein as a subterfuge to prevent satisfaction of the judgment. While it is the policy of the law to afford the judgment creditor every reasonable opportunity to make discovery of assets, the provisions relating to supplementary proceedings should not be perverted to other purposes. The court is satisfied that the danger of self incrimination to the witness is real and substantial. Moreover, she asserts the privilege *115 in her individual right, and not on behalf of the corporate judgment debtor, and is not compelled to give answers that would incriminate her as an individual as an alternative to the production of the corporate books. The rulings heretofore made are adhered to. The judgment creditor may settle an order to such effect.

 Even in an examination before trial, however, where a claim of privilege is asserted as in this supplementary proceeding, an order may properly he presented so that the question can be passed tipon by the appellate court (Harrison v. Miller, 190 App. Div. 184; Frad v. Columbian Nat. Life Ins. Co., 178 Misc. 705, affd. 264 App. DiV. 836).