that there was no duty imposed upon the wheel company to be dishonest, to cheat, or to defraud. The cases cited show that the plain-tiff here had acquired practically a right to full payment of its claim before any other creditor was paid anything. This right the wheel company could not honestly deprive plaintiff of by the making and violation of promises relied upon by the plaintiff. The assignment, if permitted to stand, would deprive plaintiff of this right,—this priority,—and no duty imposed upon the wheel company to make an assignment, nor the failure to make preferences, could render the act of the wheel company in violating its promises, by the making of the assignment, honest, or other than fraudulent. The case was properly disposed of by the trial court.

The judgment appealed from should be affirmed, with costs. All concur, except McLENNAN, J., who dissents, on the ground that the promise or agreement made by the president of the defendant corporation did not in any manner affect or control its action; that immediately upon becoming insolvent it was the duty of the defendant corporation to make an assignment of its property, and without preferences; that the promise or agreement relied upon by the plaintiff ought not to have the effect to create a preference in plaintiff's favor, which is the result of the decision of a majority of the court.

---

(66 App. Div. 201.)

AUERBACH v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

DISCOVERY—EXAMINATION OF PERSONAL PROPERTY.

Rule 15 of the general rules of practice, authorizing a party to an action to compel his adversary to make discovery not only of documents, but of any article in his possession or under his control, is inconsistent with Code Civ. Proc. § 803, authorizing discovery of documents and papers only, and exceeds the authority given by section 804, providing that the general rules of practice must prescribe the cases in which a discovery or inspection may be compelled and the proceedings for that purpose, where the same are not prescribed by the Code; and an order granting discovery and examination of property the defective condition of which was alleged to be the cause of personal injuries is erroneous.

Appeal from special term, Erie county.

Action by Adam J. Auerbach against the Delaware, Lackawanna & Western Railroad Company. From an order granting a motion for the discovery of articles of personal property in defendant's possession, he appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ.

Louis L. Babcock, for appellant.
George W. Gillette, for respondent.

ADAMS, P. J. The plaintiff, who was formerly in the service of the defendant as a locomotive fireman, brings this action to recover for personal injuries caused by the explosion of a boiler of one of the defendant's locomotives, the claim being that the defendant

negligently permitted the same to become defective, inadequate, and unsafe. The allegations of the complaint were put in issue by the defendant's answer, and thereafter the plaintiff rendered a bill of particulars pursuant to an order of the court, in which it was stated that "the defendant allowed the said locomotive boiler's crown sheet, side sheets, and stay bolts securing the same and the flues of said boiler to become unsafe, defective, and dangerous to human life." After taking this step, the plaintiff obtained an order requiring the defendant to produce such "crown sheet, side sheets, and all and singular the parts now in defendant's possession of a certain locomotive engine boiler which exploded on or about the 7th day of December, 1900, injuring the plaintiff herein, and allow the plaintiff's attorneys or their representative, and such other two persons as plaintiff may choose, to make an examination of said parts of said boiler upon the premises of the defendant whereon the said parts of said boiler are now situate, at such times as plaintiff may elect between the hours of 1 o'clock and 6 o'clock in the afternoon of any week day hereafter that plaintiff may choose, upon one day's notice of such date to defendant." From this order the present appeal is brought, it being urged that the court had no jurisdiction to grant the order so appealed from.

Save in the exercise of a very limited equitable jurisdiction, the power to compel a party to make discovery of any species of property in his possession or within his control has never been regarded as inherent in the court, but rather one which must be expressly conferred by statute. Thus it was held that, in the absence of a statute conferring such right, the supreme court was without power to compel a plaintiff in an action for personal injuries to submit to an examination of his person by surgeons appointed by the court, in advance of the trial. McQuigan v. Railroad Co., 129 N. Y. 50, 29 N. E. 235, 14 L. R. A. 466, 26 Am. St. Rep. 507. This particular right has since been conferred by the legislature, it is true (Code Civ. Proc. § 873), and the general power to compel discovery has in like manner been somewhat enlarged from time to time; but our attention has not been directed to any statutory provision, nor are we aware of the existence of any, which will authorize the court to permit a party to go upon the premises of his adversary, and there inspect and examine any kind of personal property which happens to be owned by or in the possession of such adverse party, and such we are persuaded is not the rule. Cooke v. Manufacturing Co., 29 Hun, 641. Section 803 of the Code of Civil Procedure, which is the only statutory authority upon the subject, simply confers power upon the court to compel a party "to produce and discover or to give to the other party an inspection and copy, or permission to take a copy, of a book, document or other paper in his possession or under his control, relating to the merits of the action, or of the defense therein." This language certainly is not sufficiently broad to embrace chattels and personal property of every description; nor do we understand such to be the contention of the learned counsel for the plaintiff. It is insisted, however, that rule 15 of the general rules of practice, which evidently is designed to supplement the provisions of the Code

relating to proceedings for the discovery and inspection of books, papers, and documents, does in express terms authorize a party to an action to compel his adversary to make discovery not only of documents, but of any "article or property in his possession or under his control," and it is upon this authority that the order appealed from must stand, if at all. This rule was amended in 1896, so as to include the provision above quoted, and, as thus amended, it was doubtless intended to conform to the requirements of section 804 of the Code of Civil Procedure, which provides that "the general rules of practice must prescribe the cases in which a discovery or inspection may be so compelled, and the. proceedings for that purpose, where the same are not prescribed in this act." We think, however, that in enlarging the scope of this rule so as to include property other than that specifically mentioned in section 803 the convention of 1895 exceeded its authority. Rules of practice must be consistent with and subordinate to statutory enactments prescribing methods of procedure (Code Civ. ·Proc. § 17; Rice v. Ehele, 55 N. Y. 518); and giving to rule 15 the construction contended for would, in our judgment, render it inconsistent with section 803 of the Code, which limits the power of the court to compel discovery to the articles mentioned therein, viz. "a book, document or other paper." The language of section 804, which requires that the general rules of practice "must prescribe the cases" in which a discovery may be had, does not, in our opinion, mean that the scope of the statute may be so enlarged by the rules as to embrace any and all property and things owned or possessed by a party, but rather that the "cases" in which a discovery or inspection may be "so" compelled are those prescribed and pointed out in section 803. Any other construction would confer upon the judges whose duty it is to formulate the rules unlimited power to compel the inspection by one party at the instance of the other of every species of property in his possession; and this, it is plain to be seen, would inevitably lead to an intolerable condition of affairs. We conclude, therefore, that the order appealed from should be reversed, and that the plaintiff's motion should be denied.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.