(57 Misc. Rep. 363.)

### WILSON v. COLLINS.

(Supreme Court, Special Term, Westchester County. January, 1908.)

DISCOVERY—"BOOK, DOCUMENT, OR OTHER PAPER"—PICTURE.

    Plaintiff purchased of defendant a picture alleged to be the work of a celebrated artist, and thereafter, on discovering it to be only a copy, he returned it to defendant, and sued to recover the purchase price, and applied for an order for inspection of the picture. *Held*, that the picture not being a "book, document or other paper," within Code Civ. Proc. § 803, the motion will be denied, with leave to renew on affidavits

showing that the picture bears the purported signature of the alleged artist, and that plaintiff expects to prove that the signature is spurious.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2153–2154.]

Action by Francis Wilson against Samuel. Collins for fraud. Motion for inspection of property in question denied.

See 119 App. Div. 88, 103 N. Y. Supp. 1038; 120 App. Div. 892, 105 N. Y. Supp. 1150.

William D. Leonard, for plaintiff.

Francis S. Turner, for defendant.

MILLS, J. This is an action brought to recover damages for alleged fraud and misrepresentation on the part of the defendant in the sale to the plaintiff of a picture as having been painted by a celebrated Dutch artist named A. Mauve. The contention of the plaintiff is that he purchased the picture from the defendant, and paid him therefor the sum of $5,375 upon the defendant's representation that the picture was a genuine work of the artist above named, and that it turned out to be an imitation or copy of such work, and to be substantially worthless, and that the plaintiff, after the discovery of the truth, returned the picture to the defendant, who now has it in his possession. The plaintiff seeks by this action to recover as damages the purchase price of the picture. Having demanded from the defendant an opportunity to inspect the picture, so that he may obtain expert evidence as to its genuineness, and such demand not having been complied with by the defendant, the plaintiff now moves that the court order such inspection to be permitted and opportunity therefor afforded by the deposit of the picture with the clerk of the court or some other proper custodian.

It appears to be well settled that the court has no power to compel a party to give to the adverse party an opportunity to inspect any property involved in the action, except such power as is conferred by section 803 of the Code of Civil Procedure. Auerbach v. Delaware, L. & W. R. Co., 66 App. Div. 201, 73 N. Y. Supp. 118. The power conferred by section 803 is by the terms of the section, limited to "a book, document or other paper." The counsel for the plaintiff, in his brief, contends that a picture may properly be regarded as a document. No doubt there might be a picture or series of pictures constituting pictorial writings, and such very likely might be regarded, in the broad sense of the term, as constituting a document; but there is nothing in the moving papers to suggest that this picture is of that character, and undoubtedly it is not. Therefore I do not think that its inspection could be ordered upon this theory.

The plaintiff's counsel in his brief further contends that the picture bears the purported signature of the artist "A. Mauve," and that, if the picture be spurious, the signature must, of course, be spurious, and that, so far as the picture bears the signature, it may be considered a document. This contention appears to me to be reasonable. The difficulty is that the moving papers nowhere show that the picture contains any such signature, or that the plaintiff contemplates having the genuineness of such purported signature tested by experts.

The motion for inspection, therefore, must be denied for want of

power in the court to grant the same. Otherwise it would be granted, as I think the interests of justice would be promoted by a full opportunity for inspection. The motion, however, is denied, with leave to renew it upon affidavits showing that the picture bears the purported signature of the artist, and that the plaintiff expects to be able to prove, by experts or comparison with a genuine picture, that the purported signature to the picture in question is spurious.

Ordered accordingly.