## BEYER v. TRANSIT DEVELOPMENT CO.

(Supreme Court, Appellate Division, Second Department. July. 29, 1910.)

1. DISCOVERY (§§ 86, 88*)—UNDER STATUTORY PROVISIONS—PROPERTY RELATING TO ACTION.

Prior to September 1, 1909, discovery under Code Civ. Proc. § 803, was permitted by a party only of books, documents, and other papers, but Laws 1909, c. 173, amending such section, expressly extends the right to any article or property in possession of or under control of a party relating to the merits of the action or defense therein; and to entitle plaintiff to discovery of such article or property he must establish that it is material to a decision of the action or competent evidence in the case, or that an inspection thereof is necessary to enable him to prepare for trial, under the express provision of General Rules of Practice 14.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–114; Dec. Dig. §§ 86, 88.*]

2. DISCOVERY (§ 86*)—UNDER STATUTORY PROVISIONS.

Under such section, in an action by a servant for injuries from an explosion of a boiler tube, where it appeared that the water used by defendant at the time of the explosion was obtained from driven wells upon its premises, that after it began to use such water there was a heavy deposit in the boilers, and that a number of explosions followed, and it was claimed that some deposits of similar appearance have no injurious

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

effect, while others are dangerous, because rendering the tubes tender and liable to burst, and that a chemical analysis of the water used is necessary to determine the exact character of such deposit, plaintiff was entitled to obtain from the premises a sample of the water used by defendant in filling its boilers to obtain an analysis, so as to determine whether it was proper for such use, where there was no evidence that there had been any change in the character of the water since the injury.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–112; Dec. Dig. § 86.*]

Appeal from Special Term, Kings County.

Action by Thomas Beyer against the Transit Development Company. From an order denying a motion for discovery, plaintiff appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and THOMAS, JJ.

John M. Ward, for appellant.

Frederick W. Catlin, for respondent.

BURR, J. Plaintiff, a servant of defendant, alleges that the injuries which he sustained on July 25, 1908, resulted from escaping steam, due to the bursting of a tube connected with a boiler on defendant's premises. He charges that defendant failed to provide him with a safe place wherein, and safe appliances with which, to work, and failed to use reasonable care to keep such place and appliances in safe condition. After issue joined, he caused a notice to be served on defendant, demanding permission to go upon the premises where he was injured for the purpose of obtaining a sample of the water used by defendant in filling its boilers, in order that an analysis might be made of it, "for the purpose of determining whether the water which was used was proper for the purposes to which it was put by the defendant." After refusal, plaintiff moved for an order compelling compliance with such request. The motion was based upon the complaint, a petition of plaintiff, and an affidavit of his attorney. Defendant submitted no papers in opposition.

From the motion papers it appears that the water used by defendant in its boilers, on the date of the accident, was obtained from driven wells upon its premises; that after defendant began to use this water, instead of water from the city mains, there was a "heavy deposit of some whitish colored substance" in the boilers, which interfered with the free circulation of water in the tubes of the boilers, and that a number of explosions followed. It is also claimed that some deposits of similar appearance have no injurious effect, while others are dangerous, because they render the tubes tender and liable to burst, and that a chemical analysis of the water used is necessary to determine the exact character of such deposit. From the order denying such application, this appeal is taken.

Prior to September 1, 1909, discovery was limited to books, documents, or other papers (Code Civ. Proc. § 803), and this notwithstanding that the general rules of practice (rule 14) attempted to extend such discovery to "articles or property." Auerbach v. Del., L. & W.

R. R. Co., 66 App. Div. 201, 73 N. Y. Supp. 118; Cooke v. Lalance Grojean Mfg. Co., 29 Hun, 641. By amendment of the above section, which took effect on the date named, the futile provision of the rule became an effective part of the statute, and the court may now grant discovery, not only of books, documents, or other papers, but also of any article or property in the possession of or under the control of a party, relating to the merits of the action or of the defense therein. Laws 1909, c. 173. To entitle plaintiff to such order, it is necessary for him to establish that the article or property is material to the decision of the action, or is competent evidence in the case, or an inspection thereof is necessary to enable a party to prepare for trial. General Rules of Practice, rule 14.

That such discovery may be material if plaintiff's theory of liability is established is not gainsaid; but defendant contends that the evidence which may be elicited is not competent because an analysis of the water flowing from the wells at the present time is no criterion of the character and quality of the water which flowed therefrom in 1908. But there is no evidence that there has been any change, and the court certainly cannot take judicial notice that such is the case. It may be that upon the trial such a state of facts will be presented as to make the evidence here sought incompetent; but for anything that now appears it is competent, and may be material to the decision of the action.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for discovery granted, with costs. The proceedings should be remitted to the Special Term to settle the form of the order granting such discovery. All concur.