## DONOGHUE v. CALLANAN et al.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

DISCOVERY (§ 88*)—STATUTORY PROVISIONS—EXAMINATION OF MACHINERY.

Under Code Civ. Proc. § 803, providing that the court may compel a party to make discovery of any article or property in his possession or under his control relating to the merits of the action or of the defense therein, a discovery and inspection of a machine known as a "fountain," and used by defendants in filling and testing of seltzer bottles, was improperly refused in an action for damages for the explosion of a seltzer bottle charged to have been improperly filled and tested, where it was the purpose of plaintiff to prove that the fountain was improper and inadequate for the purpose for which it was used, and to demonstrate that the explosion of the bottle was caused by defects in the process.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 113, 114; Dec. Dig. § 88.*]

Ingraham, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Thomas Donoghue against William H. Callanan and another. From an order denying plaintiff's motion for production, discovery, and inspection of a machine, plaintiff appeals. Reversed, and motion granted.

See, also, 133 N. Y. Supp. 1119.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Joseph A. Burdeau, of New York City, for appellant.
John De Witt Warner, of New York City, for respondents.

DOWLING, J. This is an appeal from an order denying a motion for the production, discovery, and inspection of a certain machine known as a "fountain," and used by the respondents in filling bottles, as well as in testing them to determine their fitness for use. The action is brought to recover damages sustained by reason of the explosion of a bottle containing seltzer water, furnished by respondents to their customers Kelly & McCresh, the codefendants, and one of the averments of the complaint is as follows:

"Ninth. That the said defendants William H. Callanan and Frank (or Francis) McDermott, doing business under the name of 'O. K. Bottling Company,' as aforesaid, had on or before the said 27th day of July, 1909, through their agents and servants, so carelessly, negligently, unskillfully, wrongfully,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and unlawfully. filled and dangerously charged the said seltzer water bottle so furnished to and used in the said liquor saloon on said day, that the same exploded with great force and violence, and portions thereof were then and there hurled with great force and violence against the plaintiff (who was lawfully in the said saloon on the said day), and thereby caused the aforesaid serious and permanent injuries to the plaintiff, to his great loss and damage as aforesaid."

In his affidavit in support of this motion, the plaintiff shows that the defendant Callanan has been examined before trial, and that it appears therefrom that the firm of Callanan & McDermott at the time of the accident used a machine known as a "fountain" to fill and charge the bottles containing seltzer water, and to test them before filling for distribution to their customers. This "fountain" is still in the possession of defendants, and it is the purpose of plaintiff to prove that it was improper and inadequate for the purpose for which it was used, and then to demonstrate that the explosion of the bottle was due to defects in the process of charging and filling. The present application is therefore made under section 803, Code of Civil Procedure, reading as follows:

"A court of record, other than a Justices' Court in a city, has power to compel a party to an action pending therein, to produce and discover, or to give to the other party, an inspection and copy, or permission to take a copy, of a book, document, or other paper, or to make discovery of any article or property, in his possession or under his control, relating to the merits of the action, or of the defense therein."

The words, "or to make discovery of any article or property," were inserted by chapter 173, Laws of 1909, and were added to enlarge the power of the court which theretofore had been limited to the discovery and inspection of a book, document, or paper. Pina Maya-Sisal Co. v. Squire Mfg. Co., 55 Misc. Rep. 325, 105 N. Y. Supp. 482; Danahy v. Kellogg, 70 Misc. Rep. 25, 126 N. Y. Supp. 444. Since the new amendment took effect, it has been held that an order was properly granted thereunder for the production and discovery of a laundry appliance called an "extractor," with all its parts, pieces, and appliances, for an inspection thereof by plaintiff, and her attorney, accompanied by a photographer and two experts, and for the photographing of the machine or any of its parts. Clery v. Clark, affirmed 140 App. Div. 934, 125 N. Y. Supp. 1116. In Beyer v. Transit Development Co., 139 App. Div. 724, 124 N. Y. Supp. 463, an order was affirmed under which plaintiff was allowed to go upon the premises occupied by defendant (where the accident occurred) to obtain a sample of the water used by defendant in filling its boilers, in order that an analysis might be made of it, for the purpose of determining whether the water was proper for the purposes to which it was put by defendant. Here it is apparent that the plaintiff cannot hope to establish these defendants' liability, predicated upon their negligence and unskillfulness in filling and charging the bottle in question, without an opportunity of inspecting the machine by which those operations were performed and which is still in their possession. The photographing thereof is a desirable and proper incident to the desired discovery.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

SCOTT and MILLER, JJ., concur.

McLAUGHLIN, J. I dissent for the reason that the machine of which an inspection has been ordered is not alleged to be in any way connected with the plaintiff's cause of action.

The plaintiff was injured by the explosion of a seltzer water bottle. The injury was caused by the explosion, and the negligence charged in the complaint against the respondents is that they "so carelessly, negligently, unskillfully, wrongfully and unlawfully filled and dangerously charged the said seltzer water bottle so furnished to and used in said liquor saloon on said day that the same exploded. * * * *" There is not a reference in the complaint to the machine, and it is conceded in the brief presented by the appellant that he did not even know of its existence until the defendant Callanan was examined before trial.

No facts are stated in the moving papers to the effect that the machine was defective, out of repair, or that it caused the explosion. Before plaintiff could have an inspection, he had to establish that the object sought to be inspected was in some way the cause of or contributed to his injury. It may be that the bottle exploded because subjected to too great a pressure. The machine cannot speak, and, if that were the cause, it will have to be established, not by the production of the machine, but by a witness who knows and can state the fact. A party ought not to be annoyed and subjected to the trouble and expense of producing an object for inspection unless it appears from facts stated that such object or its condition is material to or connected with the cause being tried or defended. It does not here appear that the production and inspection of this machine is in any way material to the plaintiff's cause of action, or, if produced for inspection, will enable him in any way to establish his cause of action.

I think the motion, therefore, was properly denied, and the order appealed from should be affirmed.

INGRAHAM, P. J., concurs.