(84 Misc. Rep. 263)

PEOPLE ex rel. ROBIN v. HAYES, Warden of Penitentiary.

(Supreme Court, Special Term, New York County. February, 1914.)

DISCOVERY (§ 88*)—RIGHT TO REMEDY—INSPECTION OF DOCUMENTS.

Under Code Civ. Proc. § 803, as amended September 1, 1913 (Laws 1913, c. 86), the court may, in a proper case, on motion of a recent inmate of the penitentiary on Blackwell's Island, grant an order permitting an inspection of certain photographs, books, and documents in the possession of the warden of such institution.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 113, 114; Dec. Dig. § 88.*]

Proceedings by the People, on the relation of Joseph G. Robin, against Patrick Hayes, Warden of the Penitentiary, Blackwell's Island. Motion to permit a discovery and inspection of certain books and documents. Granted.

Robert D. Ireland, of New York City, for relator.
Archibald C. Watson, for respondent.

COHALAN, J. The relator, a recent inmate of the penitentiary on Blackwell's Island, now asks the court to permit a discovery and inspection of certain books and documents in the possession of the respondent, the warden of that institution. The application is a novel one, but I am convinced that there is authority to grant it. Section 803 of the Code of Civil Procedure, as amended September 1, 1913, so as to include the word "photograph," provides:

"A court of record, other than a justices' court in a city, has power to compel a party to an action pending therein, to produce and discover, or to give to the other party, an inspection and copy, or permission to take a copy or photograph, of a book, document, or other paper, or to make discovery of any article or property, in his possession or under his control, relating to the merits of the action, or of the defense therein."

In Palmer v. United Press, 67 App. Div. 64, 73 N. Y. Supp. 456, it is held:

"The authority of the court to order a bill of discovery is now regulated by sections 803 to 809, inclusive, of the Code of Civil Procedure, and, in a proper case, such applications are looked upon with favor by the courts. Continental Natl. Bank v. Myerle, 29 App. Div. 284 [51 N. Y. Supp. 497]."

There are many analogous cases where this relief has been afforded. Wallis v. Murray, 4 Cow. 399; McAllister v. Pond, 15 How. Prac. 299; Ellsworth v. Hinton, 10 N. Y. Supp. 40. While none of these cases is precisely of the character of the subject-matter of this application, yet, in view of the fact that the citizenship of the relator and the validity of his pardon are of great importance to him, he should be permitted to examine the photographs, books, and documents in the archives controlled by the respondent.

Motion granted.