Argued April term, 1915, before GUY, BIJUR, and PENDLE-TON, JJ.

A. Frank Cowen, of New York City (Bernard Cowen, of New York City, of counsel), for appellant.

Sykes, McCole & Potter, of New York City (Thomas A. McCole and Edward Potter, both of New York City, of counsel), for respondents.

BIJUR, J. The attachment was obtained on an affidavit relying on a cause of action set forth in the complaint referred to in the affidavit as "hereto annexed." It further alleged that plaintiff was entitled to recover the sum of money over and above all counterclaims known to the plaintiff, and that the defendants are not residents of the city of New York, but reside in Louisville, Ky., and that the goods for the price of which the action was brought were delivered to defendants in Louisville, Ky., and where they have their distillery and principal office for the the transaction of business. The complaint annexed is in the ordinary form of a complaint in an action for goods sold and delivered.

[1] Although defendants make a number of objections to the complaint and affidavit, the learned judge below apparently found no merit in any except one, namely, that the allegation of nonresidence was insufficient. This is to be inferred from the citation of two authorities at the foot of the order, namely, Dain's Sons Co. v. Thomas McNally Co., 137 App. Div. 857, 122 N. Y. Supp. 964; also Pettit v. United States Motor Co., 77 Misc. Rep. 277, 136 N. Y. Supp. 260. This court has, however, had occasion to point out in Geduld v. B. & O. Co., 70 Misc. Rep. 495, 127 N. Y. Supp. 317, that an allegation of nonresidence made by a principal in the transaction, and not by his assignee, is presumed to be made upon knowledge, and is sufficient proof, though standing alone, of the fact to sustain an attachment.

[2] As to the lack of merit in the other points urged by the defendant, we agree with the learned trial judge.

Order reversed, with $10 costs and disbursements. All concur.

---

GLOWNIAK v. LEHIGH VALLEY R. CO. et al.

(Supreme Court, Special Term, Erie County. April 16, 1915.)

DISCOVERY ⊜⇒88—INSPECTION—SCOPE OF REMEDY.

Under Code Civ. Proc. § 803, as amended by Laws 1913, c. 86, providing that a court may compel a party to an action pending therein to give the other party an inspection, and permission to take a photograph of a book, etc., or to make discovery of any property under his control relating to the merits of the action, and rule 14 of the General Rules of Practice, requiring it to appear that such property is material to the decision, is competent evidence, or is necessary in preparation for trial, plaintiff, whose petition alleged the death of her intestate while moving a heavy safe, alleging negligence generally, though not alleging injury while using any particular tool or appliance, was not entitled to an order for the inspec-

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion of defendant's freight house and all the appliances and implements under its control with which decedent was working, and permission to measure and photograph the same.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 113, 114; Dec. Dig. ☞88.]

Action by Elizabeth Glowniak, as administratrix, against the Lehigh Valley Railroad Company and others. On motion by plaintiff for an order to inspect defendant's premises, etc. Denied without prejudice.

Sullivan, Bagley & Wechter, of Buffalo, for plaintiff.
Kenefick, Cooke, Mitchell & Bass, of Buffalo, for defendants.

WOODWARD, J. The plaintiff, by an order to show cause, brings the defendants into court for the purpose of compelling them to submit to an order directing that:

"Said plaintiff and her attorneys, and an expert chosen by them, be permitted to inspect at the freight house of defendant, located on Scott and Washington streets, in the city of Buffalo, all the appliances, ropes, boards, jacks, cleats, and any and all other implements under the control of the defendant Lehigh Valley Railroad Company with which the plaintiff was working when he was injured, and that they be permitted to measure and photograph the same, on the 30th day of March, 1915, at 2 o'clock in the afternoon."

A similar order is sought in respect to the other defendants.

Passing over the fact that the order to show cause is made returnable on the day succeeding the date fixed for making the proposed inspection, it is obvious, it seems to me, that under the provision of section 803 of the Code of Civil Procedure, as finally amended in 1913, the plaintiff is entitled to have an inspection and photographs of any "article or property, in his possession or under his control, relating to the merits of the action, or of the defense therein." Section 803 of the Code of Civil Procedure, as it now stands, provides:

"A court of record, other than a justice's court in a city, has power to compel a party to an action pending therein to produce and discover, or to give to the other party, an inspection and copy, or permission to take a copy or photograph of a book, document or other paper, or to make discovery of any article or property, in his possession or under his control, relating to the merits of the action, or of the defense therein."

It is true that the provision for photographing relates grammatically only to "a book, document or other paper"; but I am of the opinion that the photographing is incident to the discovery generally, and that it is within the fair intent of the Legislature that it should extend to articles or property discovered to one looking for materials to be used in a litigation. See People ex rel. Robin v. Hayes, 84 Misc. Rep. 263, 147 N. Y. Supp. 102.

While recognizing the general right to such discovery under the statute, I am not satisfied that the Legislature ever intended that the moving party should be given a roving commission to photograph all of the plant of an adverse party, in search of a possible defect. The provision of the section of the Code of Civil Procedure, as it existed before the amendment of 1909, merely permitted a discovery "of a book, document or other papers" (Beyer v. Transit Development Co.,

139 App. Div. 724, 726, 124 N. Y. Supp. 463, and authorities therein cited), and this clearly required the moving party to describe or in some manner point out a particular book, document, or other paper or papers. The spirit of the statute has not been changed. It is necessary, as provided by rule 14 of the General Rules of Practice, to make it appear "to the satisfaction of the court that such book, document, record, article or property is material to the decision of the action or special proceeding, or some motion or application therein, or is competent evidence in the case, or as inspection thereof is necessary to enable a party to prepare for trial."

How can this court determine that "all the appliances, ropes, boards, jacks, cleats, wagons and any and all implements in the control of the defendants * * * and with which the plaintiff was working when he was injured," are material to the decision of the action or special proceeding, or that they are competent evidence in the case, or that the inspection is necessary to enable a party to prepare for trial? There is nothing in the petition, or in the pleadings, which indicates that the plaintiff's intestate was injured by any particular article or property. We simply have the allegation that he was injured to his death while engaged in moving a heavy safe, followed by general allegations of negligence on the part of the defendants. There is no allegation that he was injured while using any particular tool or appliance. There is a general allegation that there was neglect in furnishing proper tools and appliances, and that there was negligence in respect to the placing of tools and appliances; but how an inspection at this time can disclose that fact is not very clear, and it certainly does not afford this court any ground for determining that any particular article or property is involved in the merits of this action.

In Donoghue v. Callanan, 152 App. Div. 162, 136 N. Y. Supp. 657, it was held that in an action for personal injuries, due to the explosion of a seltzer bottle, it was proper to permit an inspection of a machine used in bottling the seltzer, and to allow a photograph of the same. So in People ex rel. Robin v. Hayes, 84 Misc. Rep. 263, 147 N. Y. Supp. 102, it was held that a former inmate of Blackwell's Island was entitled to an inspection of certain photographs, books, and documents. In Clery v. Clark, 140 App. Div. 934, 125 N. Y. Supp. 1116, it was held that an order was properly granted, requiring the production and discovery of a laundry appliance, called an extractor, with all its parts, pieces, and appliances, for an inspection thereof by plaintiff and her attorney, accompanied by a photographer and two experts, and for the photographing of the machine or any of its parts, while in Beyer v. Transit Development Co., 139 App. Div. 724, 124 N. Y. Supp. 463, an order was affirmed permitting the plaintiff to go upon the defendant's premises and to take a sample of the water produced by a pump. In no case, however, to which my attention is called, or which I have been able to discover, has it been held proper for a moving party to make a general inspection of the business of an adverse party. See Cohen v. Rothschild, 162 App. Div. 611, 147 N. Y. Supp. 915.

It seems to me that the requirement of the statute and of the general rules of practice is that the moving party should point out to the court

some particular book, paper, document, article, or property which it is desired to inspect, and to at least suggest its relation to the cause of action asserted, that the court may determine whether the inspection is necessary to the proper disposition of the matter before the court. The record now before us does not show that any ropes, wagons, etc., were used in the work, or that they could have been used, and I see no reason why there should be an inspection of articles not shown to have a relation to the controversy.

The motion should be denied, without prejudice to the plaintiff moving upon proper papers for the relief requested, and without costs.