In the Matter of the Application of MIKOAJ WNUK, Respondent, for an Order Directing the Heirs, Administrators, Executors or Representatives of HENRIETTA SCHIECK, Appellants, to Permit an Examination of Portions of the Body of HENRIETTA SCHIECK, Deceased.

Fourth Department, March 29, 1922.

Dead bodies — examination of liver of deceased by one expecting to be made defendant in action by representatives of deceased not allowed — Public Health Law, § 5-a, and Code of Civil Procedure, § 803 (Civil Practice Act, § 324), not applicable — attorney and client — unretained attorney on whom order served had sufficient interest to prosecute appeal under circumstances.

Where an action is brought to recover damages for personal injuries claimed by the plaintiff to have been received in an automobile accident and, while the action is pending, the plaintiff dies, an order allowing the defendant in such action to examine the liver and other portions of the body of the deceased may not be granted upon a petition alleging, in substance, that an action is about to be brought against said defendant by the representatives of the deceased upon the theory that her death resulted from the accident, that an autopsy showed that death was due to inflammation of the liver and that the liver had been removed from the body and was in possession of either the former attorney of the deceased or the surgeon who performed the autopsy.

Such an order cannot be sustained under section 5-a of the Public Health Law, as that section relates to autopsies performed under the direction of the coroner and does not include an examination of portions of the viscera after a private autopsy. Neither can it be justified by section 803 of the Code of Civil Procedure (Civil Practice Act, § 324), for that section applies only where there is an action pending.

An attorney upon whom the court directs such an order to be served has sufficient interest in the matter to warrant his prosecution of an appeal from an order denying a motion to vacate, although upon the motion to vacate he disclaimed any retainer.

APPEAL by the heirs, administrators, executors or representatives of Henrietta Schieck, deceased, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 23d day of September, 1921, denying their motion to vacate an *ex parte* order permitting the examination of certain portions of the body of said Henrietta Schieck.

*Phillip Leichtentritt [Irving I. Beckler* of counsel], for the appellants.

*Clark H. Timerman*, for the respondent.

SEARS, J.:

Henrietta Schieck during her lifetime brought an action against Mikoaj Wnuk, the petitioner in this proceeding, to recover damages for personal injuries which she claimed to have received in an automobile accident alleged to have been caused by the negligence of the petitioner. On September 20, 1921, while the action was still pending and before trial, Henrietta Schieck died. On September 23, 1921, a petition was presented to the Supreme Court on behalf of Mikoaj Wnuk alleging in addition to the facts already stated, that an action was about to be brought against the petitioner by the representatives of Henrietta Schieck for damages for her death upon the theory that her death was caused by the negligence of the petitioner in such automobile accident; that a physician employed by the petitioner had examined Henrietta Schieck in her lifetime and reported a complete recovery from any injuries she might have received; that petitioner was informed that death was caused by inflammation of the liver, and that on September twenty-first an autopsy had been performed which showed that death was due to such disease, and that to ascertain the cause of death an examination of that organ was necessary; that it had been removed from the body at the autopsy and was then in the possession either of the former attorney of Henrietta Schieck or of the surgeon who performed the autopsy; that such attorney had informed the petitioner that " they intended " to have an examination made of the organ but refused to allow the petitioner to make an examination on his part. Upon this petition an order was granted *ex parte* requiring " the personal representatives, heirs, executors, administrators (of Henrietta Schieck, deceased), and others representing them or in their employ " to produce before the Special Term " forthwith to be examined the portions of the body of Henrietta Schieck desired to be examined, more particularly the liver, for the purpose of having the same examined by the physicians " of the petitioner. The order required service of a copy of the order and affidavits on the physician who performed this autopsy and on Phillip Leichtentritt who was styled in the

order " attorney for the proposed plaintiff." On the same day that this order was granted a motion was made by the attorney upon whom the papers had been ordered to be served to vacate the order previously granted and it was then shown to the court that the autopsy was entirely private and ordered by members of the family; that the body had not yet been buried, and that no administrator of the estate of Henrietta Schieck had been appointed. The motion to vacate was denied and an appeal taken to this court.

The provisions of section 5-a of the Public Health Law (as added by Laws of 1913, chap. 620), relied upon by the respondent as a basis for the order, which allow the medical representatives of a person likely to be a defendant in a civil action to be present at certain autopsies, has no application to this case. That section relates to what may be termed official autopsies, that is, those performed by or under the direction of the coroner. This autopsy was private and not performed or ordered by a public officer. Further the order in this case in no way relates to an autopsy but to an examination of a portion of the viscera, a matter not covered by the statute. Neither is the order justified by section 803 of the Code of Civil Procedure (Civil Practice Act, § 324) as the discovery there provided for can only be required at the instance of a party to an action, while in this case no action was pending. Nor has the respondent cited any other authority supporting the original order. Although in this instance, the organ seems to have been removed from the body at least temporarily, it was still a part of the human remains and as such was to be decently disposed of as the family might desire. In the absence of clear right or statutory command, the courts should not interfere with the relatives' possession or control of the remains or any part of them.

While the attorney taking this appeal disclaimed in his affidavit any retainer, at the time the motion to vacate was made, and in fact it nowhere appeared that any proceeding relating to the estate of the deceased had been instituted in the Surrogate's Court, yet as the court saw fit to require service of the order to be made upon him, he had a sufficient interest in the matter to warrant his prosecution of this appeal.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate granted, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.