THE BEAUTY SILK MANUFACTURING COMPANY, INC., Plaintiff, *v.* FRED KRUMHOLZ and Another, Copartners, etc., Defendants.

Supreme Court, Schoharie County, August 28, 1931.

*Sharon J. Mauhs*, for the plaintiff.

*Sydney D. Robins*, for the defendants.

McNAMEE, J. The complaint alleges that the plaintiff contracted with the defendants to specially manufacture and sell them 24,000 square yards of rayon cloth, and to deliver it in four lots of 6,000 yards each at intervals of two weeks beginning March 25, 1930, unless defendants required earlier shipments, and that defendants agreed to pay therefor 52 cents a yard, or $12,480; that in accordance with defendants' orders, 11,528 yards were shipped and were received, accepted, and paid for by defendants; that defendants then refused to give further shipping directions or to accept delivery of the balance of 12,472 yards manufactured, which the plaintiff still has on hand and which is of the approximate value of $6,485.

The defendants interpose a general denial, including a denial of the making of the contract with the plaintiff, and, with other defenses, allege a defense and counterclaim founded on a breach of warranty, in that the material was purchased for the manufacture by the defendants of under garments for women, that this was known to the plaintiff, that the material was warranted not to shrink when washed, that the material shipped and received would and did shrink when washed, and was wholly unfit for the use intended; that this defect was not discoverable upon inspection, but when discovered (presumably by washing) notice of the defect was given; and defendants seek damages in the sum of $3,000. The defendants now ask a discovery and inspection of the material rejected and undelivered, for the purpose of preparing for trial.

The statute provides that the court may compel a discovery of " any article or property " in the possession of a party " relating to the merits of the action, or of the defense therein," and that

the procedure shall be regulated by rules. (Civ. Prac. Act, § 324.) And the rule provides that a party may be required to discover and give an inspection of a machine " or other article, or to make a discovery of any article or propety in his possession or under his control, relating to the merits of the action or of the defense therein." (Rules Civ. Prac. rule 140.)

Since the enlargement of the power of the court so as to comprehend a discovery and examination of " any article or property " in the possession or control of a party, few decisions have dealt with the subject; and these appear to have been largely negligence cases in which a discovery and inspection were allowed of the agency alleged to have been the instrument of mischief, such as the water used in a steam boiler and which was alleged to have been of such a quality as to have caused an explosion and damage; such as the machine used in filling and charging selzer water bottles, and which was alleged to be defective and caused the bottle to explode; such as the extractor in a laundry, alleged to have been defective and the cause of injury. (*Beyer* v. *Transit, etc., Co.*, 139 App. Div. 724; *Donoghue* v. *Callanan*, 152 id. 162; *Clery* v. *Clark*, 140 id. 934.) Defendants in their brief cite *Hoag* v. *Ulster & Delaware R. R. Co.* (177 App. Div. 433), but that was an application for the inspection of documents; and even there the inspection was allowed only of the train orders for the guidance of two colliding engines, because it was reasonably to be expected that the orders were conflicting and the cause of the accident. The case of *Parker, etc.,* v. *Enterprise, etc.* (182 N. Y. Supp. 909) is also cited by defendants; and while that was an action on contract for the purchase of a quantity of wire, the defendant had received and held the wire, claimed it was rusty, and worthless, and refused to pay for it; and the court compelled a discovery and inspection because it was on the condition of the wire received and held that the defense was based.

Some of the cases have stated that the tendency of the courts has been to grant these applications with greater liberality; yet it appears that the decisions require that the article or property to be examined be not only competent evidence, but that the article, its condition, or its use be the basis of the action or defense, or intimately connected therewith. As was said in *Donoghue* v. *Callanan* (*supra*): " Here, it is apparent that the plaintiff cannot hope to establish these defendants' liability * * * without an opportunity of inspecting the machine."

The defendants here are not predicating their defense of breach of warranty on the condition or quality of the goods in the possession of plaintiff and which they rejected, but on that of the material delivered. The answer alleges that the yardage *received* was not

according to contract, that it was goods intended for washing, and shrank when washed, and was worthless for the purposes intended; and also that this defect " was not discoverable on inspection and was wholly unknown to the defendants until subsequent to the manufacture thereof " into garments. The statute and the rule permit only a discovery and inspection of an article or of property; it does not provide for or contemplate tests by chemicals or by soap and water; and there is no power in the court to order such tests. Thus when tests which affect the fibre, the texture, or condition of the cloth are not authorized, and mere inspection is useless to discover the alleged defect as stated in the answer, this application must be denied.

An order may be submitted denying the discovery and inspection referred to in the order to show cause, with ten dollars costs to the plaintiff.