JERRY & HERBERT LEHMANN, INC., Plaintiff, v. TURTLE BROTHERS, INC., Defendant.

Supreme Court, New York County, December 4, 1933.

*Bondy & Schloss,* for the plaintiff.

*Levin, Rosmarin & Schwartz,* for the defendant.

COLLINS, J. The defendant moves under section 324 of the Civil Practice Act for the privilege of subjecting to tests shoes in the possession of the plaintiff, and which were made of linen material supplied to the plaintiff by the defendant. The issue in litigation is whether or not the material was fit for the purpose purchased. The plaintiff insists that the power " to make discovery of any article or property * * * relating to the merits of the action, or of the defense therein " (Civ. Prac. Act, § 324), does not permit or contemplate such tests as are here sought. (*Beauty Silk Mfg. Co., Inc.,* v. *Krumholtz,* 141 Misc. 204.) The statute should be liberally construed. It is a powerful aid in the search for the truth. The aim of a trial is to award victory to the right. If tests will assist in furthering or discovering the right, they should be allowed. I am convinced that the tests here proposed will

help the trial court in determining the dispute. Under a different provision parties have been ordered to submit to the taking of X-rays. (*Hollister* v. *Robertson*, 208 App. Div. 449; *Gimenez* v. *Great Atlantic & Pacific Tea Co.*, 236 id. 804.) No tests should be made except in the presence of plaintiff's representative. Let the order provide that the plaintiff be notified of the time and place of the tests. Motion granted. Settle order on notice.