BEN J. MANASEN, Doing Business as BENMAN COMPANY, Plaintiff, v. CHEST METAL PRODUCTS, INC., Defendant.

Supreme Court, Special Term, Erie County, April 13, 1949.

*Leonard J. Brizdle* for plaintiff.

*Leighton T. Wade* and *Robert M. Diggs* for defendant.

WECHTER, J. Action growing out of contract for manufacturing of specially designed flat tableware according to sample, sued as two causes; first, failure to perform on demand, and (after rescission) to return $3,000 advanced; second, special damage by loss of contract of resale, known to and within contemplation of parties inducing the contract to manufacture, and amounting to $1,847.50.

Defendant denies allegations essential to plaintiff's cause and sets up four counterclaims: first, repudiation of contract without cause by plaintiff and refusal to perform, damaging defendant $2,500; second, prior contract of parties to manufacture progressive dies to blank and form the flat tableware in question, and plaintiff's refusal to pay agreed price therefor of $2,335; third, a subsequent contract to manufacture die for knives for $510, performance by defendant, refusal to pay by plaintiff; fourth, a subsequent contract for conversion to air-automatic operation of ten machines, performance as to four machines, plaintiff's failure as to six machines to defendant's damage of $800.

Plaintiff's reply puts in issue essential allegations of each of the counterclaims.

The present motion is for an order (1) to examine the defendant corporation, its officers, Charles Gurney and George Douglas, its plant foreman or person having knowledge thereof on five subjects as set forth, and further (2) to discover, inspect and identify plaintiff's said samples in defendant's possession, and the complete set of said progressive dies so far as manufactured, and (3) to direct a test run of such dies under quantity manufacturing conditions with materials as per contract to be furnished by plaintiff, said test to be made with defendant's

machinery, or alternatively, on machinery approved by defendant as equivalent.

Plaintiff concedes that expense and inconvenience are incidental to the test sought, and offers to pay the expense and to so time and limit the test preparations as to minimize the inconvenience.

Defendant concedes the examination of the samples in defendant's possession but contends that some have been returned. It contends that the test run would require two punch presses and two men for the major fraction of a day, to that extent interrupting routine operation, but concedes that such test in its own plant would be the lesser evil.

The fact by itself that sample tableware asserted to be from these dies has been delivered is not conclusive upon the plaintiff; the conditions of production are questioned, the identity of asserted samples as products solely of these dies under normal conditions of production is challenged, the sufficiency of the dies for ordinary quantity production is put in issue.

The plaintiff is unquestionably entitled to the oral examination of the named witnesses on the subjects listed, although item IV may become indispensable only if plaintiff is to conduct the test elsewhere than in defendant's plant.

By participating in the test applied for, both parties will afford the jury direct testimony by qualified observers on the questions fundamental to their respective contentions. It is difficult to see how the jury can do more than speculate and guess if ex parte observation under disputed conditions and possibly with questioned material is the only testimony available.

The pretrial procedure by examination supplemented where proper by discovery and inspection, is being broadened and liberalized. Under the facts here presented, the court should grant the discovery and inspection by test as sought by plaintiff, both sides to have observers to check conditions of production, operations performed and results achieved.

Plaintiff then may prepare order for the oral examination as sought on this motion, with direction for production of its sample or samples in defendant's possession, and of the alleged completed dies, and providing for the test sought to be made in the plant of the defendant, in the presence of observers representative of both parties and under conditions agreed upon by the parties, or failing agreement to be determined by the court on three days' notice of settlement of the terms of the order. Materials to be used shall be provided by the plaintiff on opportunity to the defendant to test or analyze the same, and the expense of the test is to be agreed upon and paid by the plaintiff.