MERRIAM DISPLAY STUDIO, INC., Plaintiff, *v.* CONSTANTINE N. HARLAMBIDES, Defendant.

Municipal Court of the City of Syracuse, October 6, 1949.

*A. Solomon Menter* for plaintiff.

*Daniel Pananicles* for defendant.

SKERRITT, J. This is a motion by the plaintiff, under section 324 of the Civil Practice Act, made pursuant to a show cause order, for the discovery and inspection of five amber sun shades sold by plaintiff to defendant, now in defendant's possession.

In this action for the purchase price of the shades the defense is an alleged breach of warranty by the plaintiff that the shades would protect the merchandise in defendant's store from fading in sunlight; and defendant has set up a counterclaim for damage to the merchandise. Plaintiff seeks this inspection for the purpose of sending the shades to a laboratory for a " fadeometer " test, at plaintiff's expense, whereby the shades would be subjected to a scientific test under artificial sunlight to determine whether they were made of the right material.

Plaintiff claims that this is the only effective test; and that it is necessary to enable the plaintiff to meet the defense as to breach of warranty, and the counterclaim for damages. Defendant objects on the ground that the shades are obviously defective; that this " fadeometer " test is technical and unnecessary; that it would not be decisive; and that it would require defendant to employ an expert witness.

Section 324 of the Civil Practice Act and rule 140 of the Rules of Civil Practice authorize the court to compel a party to an action to give the other party an inspection of books and papers, and " any article or property in his possession ", relating to the merits of the action or defense. This procedure is to some extent within the discretion of the court, and the statute should be liberally construed, to get at the truth and promote justice. (*Murphy* v. *Keenan,* 101 Misc. 443, affd. 183 App. Div. 923.) In *Lehmann, Inc.,* v. *Turtle Bros., Inc.* (149 Misc. 744) where shoes were tested as to quality of material, the court said: " The statute should be liberally construed. It is a powerful aid in the search for the truth. The aim of a trial is to award victory to the right. If tests will assist in furthering or discovering the right, they should be allowed."

Pursuant to such discretion and liberal construction, and the provision in section 324 to cover " any article or property ", the courts now permit this inspection for various tests, including chemical analysis, of a wide variety of articles; such as water used in a boiler, a bottle-filling machine, cleaning powder, pieces of rope, dies for making tableware. (*Beyer* v. *Transit Development Co.,* 139 App. Div. 724; *Donoghue* v. *Callanan,* 152 App. Div. 162; *Reiss* v. *Kirkman & Son, Inc.,* 242 App. Div. 77; *Dugan* v. *American Transfer Co.,* 160 App. Div. 11; *Manasen* v. *Chest Metal Products, Inc.,* 194 Misc. 818.)

To obtain such inspection, however, the moving party must show that the article to be examined is material to the decision of the case; that it is competent evidence; and that the inspection is reasonably necessary to enable him to prepare for trial. And of course the test should be made in the presence of the adverse party or his representative. (*Beyer* v. *Transit Development Co., supra*; 4 Carmody on New York Pleading and Practice, pp. 2934–2938.)

From the moving papers in the instant case I think the plaintiff is entitled to this inspection and test of the shades, to be made within thirty days unless otherwise agreed, at plaintiff's expense, and in the presence of defendant's representative. Motion granted.