Reid S. Moule, J.
Plaintiff seeks, under section 324 of the Civil Practice Act, to inspect (1) The 1941 model H. John Deere tractor alleged in the complaint to be the instrumentality causing the injuries to plaintiff, and (2) Copy of statement made by plaintiff to defendant’s representative on or about August 6, 1958.
This is an action for damages by plaintiff, alleging that while in the employ of defendant, he was directed to use the tractor in question and, because of its condition, was thrown to the ground and injured.
With respect to Item No. 1 there is a long line of cases permitting discovery and inspection in situations similar to this. Pursuant to section 324 of the Civil Practice Act which covers “ any article or property” the courts have permitted inspections in tests in the following instances: Water used in a boiler (Beyer v. Transit Development Co., 139 App. Div. 724 [1910]); Bottle filling machine (Donoghue v. Callanan, 152 App. Div. 162 [1912]); Cleaning powder (Reiss v. Kirkman & Son, 242 App. Div. 77 [1934]); Pieces of rope (Dugan v. American Transfer Co., 160 App. Div. 11 [1913]); Dies for making tableware (Manasen v. Chest Metal Prods., 194 Misc. 818 [1949]); Window shades (Merriam Display Studio v. Harlambides, 196 Misc. 352 [1949]).
*214 Plaintiff’s request so far as Item (1) is concerned is granted and he may examine the tractor and test the gears, brakes and clutch himself or by his expert; he is also permitted to photograph it and to operate it under the conditions which were similar at the time the accident claimed occurred.
The relevancy and materiality of what is developed is for the Trial Justice to determine.
We shall now concern ourselves with Item No. 2. The plaintiff in his moving papers claims that shortly after his return from the hospital, the investigator from the insurance company came to plaintiff’s home and took a lengthy and repetitious statement, extensively interrupting the plaintiff with questions as to the accuracy of plaintiff’s assertions. Plaintiff also claims that at the time he had great pain in his leg which had been broken by the accident. He claims that at the end of the interview, the investigator demanded his signature. Plaintiff states that he was anxious to rest and signed his name upon the assertion of the investigator that he was an attorney and it might go badly with him on his failure to sign the statement.
The Appellate Division of this Department has not passed on the question of whether the plaintiff is entitled to a copy of a statement given with no special circumstances or where there are special circumstances. However, other departments have passed on this question and have required the defendant to give the plaintiff a copy of such statement. Even in the absence of special circumstances (Wilhelm v. Abel, 1 A D 2d 55 [1955]). In that case, the court said (pp. 56-57): “ calendars today require fair and speedy disposition, either by way of trial or settlement. To accomplish these ends it has increasingly been the practice to eliminate any elements of surprise whenever practicable — hence the very liberal rules for examinations before trial. By the same token we see no valid reason why a defendant or insurance carrier, if a written statement from a possible plaintiff is taken, should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application be permitted to inspect the statement. Such a practice in our opinion will be certain to save time both for the courts and litigants, and tend to a more efficient and speedy disposition of cases.”
Totoritus v. Stefan (6 A D 2d 123 [1st Dept., 1958]) followed the rule adopted by the Third Department (Wilhelm v. Abel, supra). So did Levey v. Hemme (7 A D 2d 646 [2d Dept., 1958]).
The only cases found in the Fourth Department are Swartsman v. Sova (11 Misc 2d 691 [1957]). Special Term in Lewis *215 County followed Wilhelm v. Abel (supra). The most recent case, that of Schill v. Hammett (18 Misc 2d 87 [1959]), Special Term in Onondaga County followed the Wilhelm v. Abel case.
Neither section 324 of the Civil Practice Act nor rule 140 of the Rules of Civil Practice prescribe that fraud or ignorance is a ground to require discovery. It is sufficient that one person have in his possession or in the possession of his agent or attorney or otherwise under his control, a paper which relates to the merits of the action, which is not in the possession or control of the moving party. It seems to the court that in such an instance discovery should be permitted. This applies to statements, whether given by plaintiff or defendant.
An order may be entered accordingly, without costs.
The papers may be obtained from the Clerk in Part I.