William T. Cowin, J.
Petitioner makes application for a discovery and inspection before action commenced to enable *672 him to frame a complaint and to aid in ascertaining the person or persons responsible for his injuries.
He seeks to examine, photograph and test a certain power press machine in the possession of his former employer. In his petition he alleges that he did general portering and handy-work for his employer; that while so employed he was directed to operate a power press machine without having prior experience on said machine; that while feeding said machine his left hand became ensnared in the moving parts due to the absence of suitable safeguards and four fingers of his left hand were amputated; that jhis former employer refused to permit an examination and inspection of said machine.
Petitioner’s former employer opposes this application on the ground that petitioner is limited to a recovery under the Workmen’s Compensation Law and cannot maintain any action against his employer. The employer further argues that since he cannot be a party to any contemplated action, discovery and inspection may not be had of any property in his possession or under his control.
These factors standing alone are not sufficient to defeat petitioner’s right to the relief requested. The information sought by discovery and inspection prior to action commenced may be obtained from the employer, not as an adverse party but as a witness. (Cf. Davis v. Lyndel Corp., 16 A D 2d 802.)
Prior to the Civil Practice Law and Buies discovery and inspection was not allowed except in a pending action (Matter of WnucJc, 200 App. Div. 731; Spector v. Rosman Metal Body Co., 268 App. Div. 929).
In determining whether discovery and inspection before action commenced can now be obtained, resort must be had to 3102 of the Civil Practice Law and Buies. Subdivision (a) of that section defines ‘ ‘ Disclosure devices ’ ’ to include ‘1 discovery and inspection of documents, or property ’ ’. (Emphasis supplied.) Subdivision (c) of that section states: “Before an action is commenced, disclosure to aid in bringing an action * * * may be obtained, but only by court order. ’ ’
Even though discovery and inspection can now be had before action commenced upon court order, the Appellate Division of this Department in Zalearías v. Radio Patents Corp. (20 A D 2d 795) has stated that while 3101 et seq. of the Civil Practice Law and Buies have liberalized the right to pretrial disclosure, “ ‘ there is a fair boundary to this process which ought to be considered when the purpose of an examination is to frame a pleading against the party to be examined ’ (Stewart v. Socony Vacuum Oil Co., 3 A D 2d 582, 583). Although the Stewart ease *673 was decided before the enactment of the Civil Practice Law and Rules, the above-stated rule is equally applicable now.” The rule of the Stewart case (p. 583) is “ The party seeking the examination ought to disclose under oath facts which will fairly indicate he has some cause of action against the adverse party * * * but as a matter of judicial policy he ought to be required to show, within the frame of rule 122 of the Rules of Civil Practice that the examination he seeks is ‘ material ’ and ‘ necessary ’ to some actionable wrong.”
No justifiable claim can be made that the petitioner’s quest for information is a pursuit of idle curiosity. Where a party has a describable sense of wrong, reasonable inquiry should be permitted into another party’s affairs even though such inquiry might cause some annoyance or intrusion on privacy.
The moving papers state facts that fairly indicate that the petitioner has a cause of action and there can be no doubt that the discovery and inspection of the machine upon which his four fingers were ensnared is material and necessary to determine the defendant or defendants against whom the action lies or the precise facts upon which it may be based. (Cf. Matter of Roland [Deak], 10 A D 2d 263; Peterman v. Schpelman, 274 App. Div. 901.)
The power press here sought to be examined and tested is a proper subject for discovery and inspection. In Donoghue v. Callanan (152 App. Div. 162) discovery and inspection was permitted of a bottle filling machine. It has also been allowed of a tractor involved in an accident to its operator (Duncan v. Hammond, 20 Misc 2d 213). An employee was granted discovery and inspection of a power press machine on his employer’s premises, which machine he had been operating when he sustained an amputation of two fingers. (Hartsough v. Superior Meter Division of Neptune Meter Co., 213 N. Y. S. 2d 1021.)
Sufficient facts have here been shown to warrant granting the relief sought. Motion granted. Settle order on notice setting a time for the discovery and inspection.